Rafaela Cortés, recurrente, *v.* Comisión Industrial de Puerto Rico etc., demandada; Fondo del Seguro del Estado, recurrido.

*Número:* 564.    *Resuelto:* 25 de abril de 1962.

*Juan F. Doval y José C. Ramos Vázquez,* abogados de la recurrente; *Donald R. Dexter y Carmen Ana Archeval,* abogados del Administrador del Fondo del Seguro del Estado.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Santana Becerra y Rigau.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Mientras el obrero Hermógenes Cortés Virella realizaba una encomienda especial de su patrono, la motocicleta que conducía fue chocada por un vehículo comercial, resultando el obrero con una fractura del cráneo que le ocasionó la muerte seis días después.

El Administrador del Fondo del Seguro del Estado resolvió que se trataba de un caso de los protegidos por la Ley de Compensaciones por Accidentes del Trabajo; pero que no obstante, no existía la dependencia prevista por ley a los efectos de tener derecho a compensación, y ordenó el cierre y archivo del caso.

Rafaela Cortés, hija del obrero fallecido apeló de la decisión del Administrador del Fondo para ante la Comisión Industrial, la que luego de considerar los hechos del caso confirmó la decisión apelada y desestimó la apelación. ■

Los hechos considerados por la Comisión son los siguientes:

1—La muerte del obrero Hermógenes Cortés Virella se debió a un accidente de los protegidos por la Ley de Compensaciones por Accidentes del Trabajo;

2—Rafaela Cortés es hija del occiso y realmente dependía de él para su subsistencia, y

3—Dicha Rafaela Cortés, era, a la muerte de su padre, casada, mayor de 21 años de edad, no proseguía estudios ni estaba mental o físicamente incapacitada para el trabajo.

La recurrente alega ante nos que la Comisión Industrial interpretó erróneamente el Artículo 3, inciso 5, párrafo 3 de la Ley de Compensaciones por Accidentes del Trabajo y que dicho estatuto, tal y como le ha sido aplicado en este caso resulta inconstitucional porque le ha negado la igual protección de las leyes, discriminando a favor del patrono, y le ha privado de su propiedad sin el debido procedimiento de ley toda vez que al privarle de compensación también le privó de una acción de daños y perjuicios.

El artículo 3, inciso 5 de la Ley de Compensaciones por Accidentes del Trabajo—11 L.P.R.A., sec. 3 (Suplemento)— dispone la compensación en casos de muerte a las personas que dependían para su subsistencia del obrero o empleado fallecido. En el párrafo (2) de dicho inciso 5, declara:

"(2) Si el obrero o empleado fallecido dejare viuda, padres, hijos, incluyendo póstumos, adoptivos o de crianza, abuelos, padre o madre de crianza, nietos, hermanos, incluyendo hermanos de crianza, concubina, y familiares dentro del cuarto grado de consanguinidad o segundo de afinidad, éstos recibirán, de cualificar bajo las reglas que aquí se establecen, una compensación equivalente al 66⅔ por ciento del jornal que percibía el obrero o empleado el día del accidente, o que hubiere de percibir a no ser por la ocurrencia del accidente, pagadera por meses vencidos con un pago mínimo mensual de $50 y máximo de $75, por un período de 540 semanas, salvo lo que se dispone más adelante para el caso en que los beneficiarios fueren la viuda, los padres o hijos del obrero fallecido."

El párrafo (3) que le sigue dispone que el Administrador del Fondo del Seguro del Estado distribuirá la compensación entre los parientes antes mencionados que dependieran total o parcialmente para su subsistencia de lo que ganaba el obrero o empleado fallecido al tiempo de su muerte. El Administrador, viene obligado a observar ciertas reglas que se establecen en el mismo párrafo (3) para determinar los beneficiarios del obrero o empleado fallecido. Entre estas reglas figura la señalada con la letra (c) que reza así:

"(c) El derecho a compensación de la viuda o concubina, como dependiente del obrero o empleado fallecido, cesará si se casara o viviera en concubinato. En tal caso los pagos mensuales a los menores dependientes serán aumentados proporcionalmente hasta una cantidad que no exceda en total de 66⅔ por ciento de la mensualidad que recibía la viuda o la concubina.

"Al cumplir los menores 18 años de edad, salvo que dichos menores sean personas permanentemente incapacitadas para el trabajo por razón de su condición mental o impedimentos físicos, o hasta la edad de 25 años si estuvieren prosiguiendo estudios, se suspenderán los pagos a su favor."

Sostiene la recurrente que su derecho a recibir compensación surge del párrafo (2) arriba copiado ya que en dicha disposición no se establece límite alguno de edad para tener derecho a la compensación. Aun si nos apartáramos de las reglas de hermenéutica legal e interpretáramos el susodicho párrafo (2) aisladamente, la contención de la recurrente sería siempre insostenible pues el derecho de las personas allí mencionadas a recibir compensación está condicionado a que tales personas cualifiquen bajo las reglas que se establecen en el párrafo (3) siguiente. Así lo dispone expresamente el párrafo (2) y por lo tanto hay que acudir a las referidas reglas para determinar si la ley extiende el derecho de compensación a un hijo, independientemente de la edad de éste.

El subinciso (c) del párrafo (3) dispone expresamente que se suspenderán los pagos a favor de los menores, al cumplir éstos 18 años de edad, salvo que dichos menores sean personas permanentemente incapacitadas para el trabajo por razón de su condición mental o impedimentos físicos, o hasta la edad de 25 años si estuvieren prosiguiendo estudios. ██

Como se ve ésta es una disposición general que cubre a todos los beneficiarios relacionados en el párrafo (2) que sean menores de edad, entre los cuales se encuentran los hijos, incluyendo los póstumos, adoptivos o de crianza, los hermanos, los nietos, etc. Pero si hubiere alguna duda de

que dicha disposición cubre a los hijos, la misma se desvanecería ante lo que preceptúa el subinciso (f) (1) del mismo párrafo (3) que establece las reglas referentes al monto de la compensación y forma de su pago, cuando los beneficiarios del obrero fallecido fueren la viuda, padre, madre, hijo, incluyendo hijos póstumos o adoptivos, o la concubina. Dispone dicho subinciso (f) que cuando los beneficiarios sean las personas antes mencionadas, "la compensación se pagará por tiempo indefinido, salvo lo dispuesto en el subinciso (c) supra". Ya hemos visto que este subinciso (c) preceptúa, en cuanto a la viuda o concubina, que su derecho de compensación cesa si se casara o viviera en concubinato, y en cuanto a los menores, que se suspenderán los pagos a su favor al cumplir 18 años de edad salvo que sean personas mental o físicamente incapacitadas para el trabajo o estuvieren prosiguiendo estudios. En este último caso los pagos se suspenderán al cumplir dichos menores 25 años de

---

(1) Dicho subinciso (f) lee así:

"(f) Si los beneficiarios del obrero o empleado fallecido, fueren la viuda, padre, madre, hijo, incluyendo hijos póstumos o adoptivos, o concubina, la compensación se pagará por tiempo indefinido, salvo lo dispuesto en el subinciso (c) supra.

"Si las beneficiarias del obrero fallecido fueren, la viuda o concubina únicamente, tendrán derecho a percibir una compensación total ascendente a un 50 por ciento del jornal que recibía el obrero o empleado el día del accidente pagadera por mensualidades vencidas, las que no serán menores de $40 ni excederán la suma de $75. Cuando la viuda o concubina concurra con un solo hijo la compensación total a distribuirse entre los beneficiarios se aumentará en 10 por ciento del jornal que recibía el obrero el día del accidente. Si concurrieren con cualquiera de ellas varios hijos, u otros beneficiarios, se aumentará la compensación total en 5 por ciento por cada beneficiario adicional; pero en ningún caso el pago total excederá un 85 por ciento del salario del obrero o empleado el día del accidente ni será mayor de $100 mensuales. Cuando los únicos beneficiarios sean los hijos del obrero, incluyendo hijos póstumos o adoptivos, la compensación total pagadera no excederá del 60 por ciento del salario del obrero o empleado, y se hará efectiva mediante pagos mensuales que fluctuarán entre $40 y $75 mensuales. Si en ausencia de viuda, concubina, o hijos, incluyendo póstumos o adoptivos, los beneficiarios fueren el padre o la madre únicamente, solos o en concurrencia con otros beneficiarios de categoría inferior, la compensación total a ser pagada no excederá de $9,000."

edad. De suerte que los hijos menores, dependientes del obrero o empleado fallecido tienen derecho a la compensación que fija la ley mediante pagos mensuales([2]) hasta que cumplan 18 años de edad, salvo las excepciones ya indicadas por incapacidad para el trabajo o por razón de estar prosiguiendo estudios. Por tanto, es inevitable la conclusión de que si los hijos del obrero o empleado fenecido son mayores de 18 años de edad, y no están incapacitados mental o físicamente para el trabajo, ni prosiguen estudios, como es el caso de la aquí recurrente, no tienen derecho a recibir pagos como compensación.

En otras jurisdicciones, al igual que en la nuestra, los estatutos limitan la compensación a los hijos menores hasta que éstos arriben a determinada edad. Véase 9 Schneider, *Workmen's Compensation Text*, sec. 1914, pág. 49. ▮

No nos detendremos a considerar la alegada inconstitucionalidad de nuestra Ley de Compensaciones por Accidentes del Trabajo. Es incuestionable la facultad de nuestra Asamblea Legislativa para reglamentar una materia de interés público como lo es la compensación por accidentes casuales que resulten en la pérdida de vida o de capacidad para ganar dinero, y no deja de tener base razonable una disposición, que en ese campo, limita la compensación hasta que el beneficiario, creado como tal por la propia legislatura, arriba a determinada edad. Véase *Sucn. Rodríguez* v. *Comisión Industrial*, 53 D.P.R. 825. Por otro lado, si el accidente en que perdió la vida el obrero Hermógenes Cortés Virella no fue casual sino que se debió a la negligencia o

---

([2]) De acuerdo con lo que disponen los subincisos (*c*) y (*f*) cuando los únicos beneficiarios sean los hijos del obrero, incluyendo hijos póstumos o adoptivos, la compensación total pagadera no excederá del 60 por ciento del salario del obrero o empleado, y se hará efectiva mediante pagos mensuales que fluctuarán entre $40 y $75 mensuales. Estos pagos se efectúan por tiempo indefinido si los hijos están incapacitados mental o físicamente para el trabajo o hasta que cumplan 25 años de edad si están prosiguiendo estudios. Fuera de estos dos casos los pagos se suspenden, si los hijos fueren menores, al cumplir éstos 18 años de edad.

descuido de una tercera persona, la Ley de Compensaciones por Accidentes del Trabajo no le impedía a la recurrente, aunque ésta no fuera beneficiaria de dicho obrero, entablar la correspondiente acción de daños y perjuicios contra esa tercera persona, como tampoco se lo impedía a los beneficiarios dependientes. 11 L.P.R.A. sec. 32.

*Por los motivos expuestos se confirmará la resolución de la Comisión Industrial.*