TROPIGAS DE PUERTO RICO, COMMERCIAL INSURANCE COMPANY OF NEWARK, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE CAGUAS, HON. JUAN C. SANTIAGO MATOS, JUEZ, demandado.

*Número:* O-72-373        *Resuelto:* 14 de octubre de 1974

632

·Vivas, Martínez-Texidor & Ramírez, abogados de los peticionarios; *Harold D. Vicente*, abogado de los interventores.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

El Administrador del Fondo del Seguro del Estado, subrogándose en los derechos de la viuda de un obrero que falleció en funciones de su empleo como consecuencia de un accidente, instó demanda contra Tropigas de Puerto Rico, Inc. y su aseguradora Commercial Insurance Company of Newark. Alegó que mientras el obrero trabajaba bajo el patronato de Industries Freight Service, Inc., sufrió serias lesiones físicas al producirse la explosión de un tanque de gas licuado de petróleo propiedad de Tropigas, a quien imputó la responsabilidad del accidente por alegada negligencia de sus empleados. En la demanda se reclamó para el Fondo del Seguro del Estado el importe de $19,234.10 incurrido como gastos de esa agencia. Se reclamó para la viuda la suma de $150,000 desglosada así: $100,000 por los daños y perjuicios causados a ella por la muerte de su esposo, y $50,000 por las angustias

que él padeció desde la fecha del accidente hasta el momento de su muerte ocurrida once días después.

El accidente ocurrió el 10 de diciembre de 1968. El 12 de mayo de 1971 el Administrador emitió decisión final respecto de su investigación administrativa y el 22 de junio siguiente presentó la demanda. El 8 de septiembre de 1972 la viuda solicitó permiso para enmendar la demanda para incluir como demandantes a cuatro hijos habidos en el matrimonio con su difunto esposo, todos mayores de edad para la fecha de su muerte y quienes no dependían de él ni podían ser considerados como sus beneficiarios bajo la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 3. La demanda enmendada no propuso cambios en las cantidades reclamadas originalmente. Se limitó a añadir a los cuatro hijos como miembros de la sucesión del obrero fallecido y reclamar para ellos y para su viuda los $50,000 estimados como indemnización a que él tenía derecho por sus sufrimientos y reclamar los $100,000 como la totalidad del valor de los daños y perjuicios sufridos personalmente por todos los demandantes.

Tropigas y Commercial se opusieron a la moción para enmendar la demanda alegando que las causas de acción de los hijos estaban prescritas. El Tribunal Superior desestimó su oposición y admitió la demanda enmendada. Expedimos auto de *certiorari* para revisar la resolución que así dispuso. La resolución es errónea en cuanto aplica a la causa de acción personal de cada hijo por sus propios daños y perjuicios. Es correcta en cuanto se refiere a la causa de acción que heredaron de su padre. Veamos ambas cuestiones por separado.

I

Tanto la causa de acción de la viuda como la de sus hijos con respecto a los daños y perjuicios que les produjo a ellos la muerte del obrero tienen su base en los Arts. 1802 y 1803 del Código Civil, 31 L.P.R.A. secs. 5141 y 5142, respectivamente. El primero obliga al que causa un daño a otro, interviniendo

culpa o negligencia, a reparar el daño causado mediante la correspondiente indemnización. El segundo hace exigible la obligación además contra las personas que deben responder por el que causa el daño, entre ellas "los dueños o directores de un establecimiento o empresa respecto de los perjuicios causados por sus dependientes en el servicio de los ramos en que los tuvieren empleados, o con ocasión de sus funciones." Véase el cuarto párrafo del citado Art. 1803.

■ Conforme al Art. 1868 del mismo Código, 31 L.P.R.A. sec. 5298, la acción que se deriva de esas disposiciones prescribe al año, a contar desde que el agraviado tiene conocimiento del daño. No está en discusión ante nos la fecha en que la viuda y sus hijos tuvieron conocimiento del accidente y de la muerte subsiguiente del obrero. Se acepta que tuvieron conocimiento de esos hechos dañosos desde que ocurrieron. La acción debía ejercitarse, por tanto, dentro del año siguiente a la muerte del causante, a menos que ocurrieran circunstancias que tuvieran el efecto de interrumpir o paralizar el término prescriptivo. Tales circunstancias podrían ser la formulación de reclamaciones extrajudiciales o el reconocimiento de su obligación por los demandados, Art. 1873 del Código Civil, 31 L.P.R.A. sec. 5303; la minoridad o incapacidad de los demandantes conforme se establece en el Art. 40 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 254; o la vigencia de leyes especiales que afecten el ejercicio de las acciones. Ninguna de dichas circunstancias concurre en este caso en lo concerniente a los hijos del obrero fallecido.

El Administrador del Fondo del Seguro del Estado instó la demanda amparándose en el derecho de subrogación que le confiere el Art. 31 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 32, según enmendado. Por ser bastante extenso lo transcribimos al margen.([1]) El

---

([1]) "§ 32. Responsabilidad de tercero; subrogación.

"En los casos en que la lesión, enfermedad profesional o la muerte que dan derecho de compensación al obrero, empleado o sus beneficiarios, de

artículo reconoce el derecho de un obrero lesionado en un accidente del trabajo, y el de sus beneficiarios si el accidente le hubiere causado la muerte, a demandar en resarcimiento de daños y perjuicios a la persona responsable de que ocurriera el accidente si ésta no fuere su patrono. Dispone que la acción podrá ejercitarse "dentro del año subsiguiente a la

---

acuerdo con este Capítulo, le hubiere provenido bajo circunstancias que hicieren responsable a tercero de tal lesión, enfermedad o muerte, el obrero o empleado lesionado o sus beneficiarios podrán reclamar y obtener daños y perjuicios del tercero responsable de dicha lesión, enfermedad o muerte dentro del año subsiguiente a la fecha en que fuere firme la resolución del caso por el Administrador del Fondo del Seguro del Estado, y éste podrá subrogarse en los derechos del obrero, empleado o sus beneficiarios para entablar la misma acción en la forma siguiente:

"Cuando un obrero o empleado lesionado, o sus beneficiarios en casos de muerte, tuvieren derecho a entablar acción por daños contra tercero, en los casos en que el Fondo del Seguro del Estado, de acuerdo con los términos de este Capítulo, estuviere obligado a compensar en alguna forma, o a proporcionar tratamiento, el Administrador del Fondo del Seguro del Estado se subrogará en los derechos del obrero o empleado, o de sus beneficiarios, y podrá entablar procedimientos en contra del tercero en nombre del obrero o empleado, o de sus beneficiarios, dentro de los noventa (90) días siguientes a la fecha en que la decisión fuere firme y ejecutoria, y cualquier suma que como resultado de la acción, o a virtud de transacción judicial o extrajudicial se obtuviere en exceso de los gastos incurridos en el caso se entregará al obrero o empleado lesionado o a sus beneficiarios con derecho a la misma. El obrero o empleado o sus beneficiarios serán parte en todo procedimiento que estableciere el Administrador bajo las disposiciones de esta sección, y será obligación del Administrador notificar por escrito a las mismas de tal procedimiento dentro de los cinco (5) días de iniciada la acción.

"Si el Administrador dejare de entablar demanda contra la tercera persona responsable, según se ha expresado en el párrafo anterior, el obrero o empleado, o sus beneficiarios quedarán en libertad completa para entablar tal demanda en su beneficio, sin que vengan obligados a resarcir al Fondo del Seguro del Estado por los gastos incurridos en el caso.

"El obrero o empleado lesionado ni sus beneficiarios podrán entablar demanda ni transigir ninguna causa de acción que tuvieren contra el tercero responsable de los daños hasta después de transcurridos noventa días a partir de la fecha en que la resolución del Administrador del Fondo del Seguro del Estado fuere firme y ejecutoria.

"Ninguna transacción que pueda llevarse a cabo entre el obrero o empleado lesionado, o sus beneficiarios en caso de muerte, y el tercero responsable, dentro de los noventa (90) días subsiguientes a la fecha en que la decisión fuere firme y ejecutoria, o después de expirado dicho término si

fecha en que fuere firme la resolución del caso por el Administrador", a quien le concede un término de 90 días a partir de la fecha en que su decisión fuere firme para, subrogándose en los derechos del obrero, o en el de sus beneficiarios si hubiere muerto, demandar al tercero responsable.

Los hijos de un obrero o empleado fallecido, para ser considerados sus beneficiarios conforme dispone la citada ley en su Art. 3, deben ser personas "que dependieran total o parcialmente para su subsistencia de lo que ganaba el obrero o empleado fallecido al tiempo de su muerte", ser "menores de diez y ocho años de edad, salvo que dichos menores sean personas permanentemente incapacitadas para el trabajo por razón de su condición mental o impedimentos físicos, o hasta la edad de veinticinco años si estuvieren prosiguiendo estudios." Véase *Cortés* v. *Comisión Industrial*, 85 D.P.R. 241, 243-246 (1962).

■ Los hijos del empleado que aquí nos conciernen no pueden considerarse sus beneficiarios por no reunir los requisitos de la Ley de Compensaciones por Accidentes del Tra-

---

el Administrador hubiere presentado su demanda, tendrá valor y eficacia en derecho a menos que se satisfagan previamente los gastos incurridos por el Fondo del Seguro del Estado en el caso; y no se dictará sentencia en pleitos de esta naturaleza, ni se aprobará transacción alguna con relación a los derechos de las partes en dichos pleitos sin hacer reserva expresa del derecho del Fondo del Seguro del Estado a reembolso de todos los gastos incurridos; Disponiéndose que el secretario de la sala que conozca de alguna reclamación de la naturaleza antes descrita notificará al Administrador del Fondo del Seguro del Estado sobre cualquier providencia dictada por el tribunal que afecte los derechos de las partes en el caso, así como de la disposición final que del mismo se hiciere.

"El Administrador del Fondo del Seguro del Estado podrá transigir sus derechos contra tercero responsable de los daños; entendiéndose, sin embargo, que ninguna transacción extrajudicial podrá afectar los derechos del obrero o empleado, o de sus beneficiarios, sin la conformidad o aprobación expresa de ellos.

"Cualquier suma obtenida por el Administrador del Fondo del Seguro del Estado, por los medios dispuestos en esta sección, será ingresada en el Fondo del Seguro del Estado a beneficio del grupo particular en que se clasificaba la ocupación o la industria en que se empleaba al obrero o empleado lesionado o muerto."

bajo. El Administrador no podía subrogarse en sus derechos al amparo del Art. 31. La reclamación por los daños y perjuicios por ellos sufridos, hecha por primera vez mediante la demanda enmendada, estaba prescrita.

No hemos pasado por alto la Regla 13.3 de Procedimiento Civil, que dice:

"Siempre que la reclamación o defensa expuesta en la alegación enmendada surgiere de la conducta, transacción o evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original."

■ No tenemos que considerar ahora si por tratarse de demandantes adicionales, cada uno con una causa de acción propia e independiente de la de los demás y de la viuda, los hijos caerían fuera del alcance protector de esta Regla. Compárense *Moa* v. *E.L.A.*, 100 D.P.R. 573, 587–590 (1972); *Fuentes* v. *Tribunal de Distrito*, 73 D.P.R. 959 (1952); *Roses* v. *Juliá*, 67 D.P.R. 518 (1947); *Sánchez* v. *Compañía Azucarera*, 66 D.P.R. 346 (1946). Aun si se retrotrayera la enmienda que les incluye como demandantes a la fecha en que se presentó la demanda original, su reclamación estaría prescrita. La demanda original se presentó el 22 de junio de 1971, pasados más de dos años de la muerte de su padre. El Art. 31 de la Ley de Compensaciones a Obreros había interrumpido la prescripción para la viuda, única beneficiaria de su difunto esposo. No podía tener el alcance de interrumpir la prescripción extintiva de la acción de los hijos, quienes no tenían beneficios que derivar de la aplicación de dicha ley.

## II

■ Mediante las enmiendas propuestas a la demanda los hijos del obrero fallecido reclaman para ellos y la viuda la cantidad de $50,000 que se alegó como valor de los daños y perjuicios que sufrió su padre desde que ocurrió el accidente hasta que murió. Leemos en la demanda que durante los once días que vivió luego del accidente el obrero padeció intensas

angustias físicas y mentales como consecuencia de numerosas quemaduras de primero, segundo y tercer grado que le cubrían la mitad de su cuerpo. En *Vda. de Delgado v. Boston Ins. Co.*, 101 D.P.R. 598 (1973), resolvimos que el derecho de la víctima de un accidente causado por el acto u omisión culposo o negligente de otro a reclamar por sus daños y perjuicios es un bien patrimonial que se transmite por su muerte a sus herederos. Conforme a este principio la causa de acción que tuvo el obrero hasta el momento de su deceso pasó a su sucesión, compuesta por su viuda e hijos según alegado en la demanda enmendada.

■ El obrero en este caso no podía ejercitar su causa de acción mediante la presentación de demanda hasta pasados 90 días de ser firme la decisión que rindiera el Administrador del Fondo del Seguro del Estado. Así lo exige el Art. 31 de la Ley de Compensaciones por Accidentes del Trabajo, transcrito en el escolio número 1, *supra*. Ese artículo establece como período prescriptivo de la acción que tenía el obrero para reclamar por sus propios daños y perjuicios, el de un año a partir de la fecha en que fuere firme la resolución del Administrador. El período prescriptivo no corría contra el obrero en la fecha de su muerte ni comenzó a correr contra sus herederos hasta 30 días después del 12 de mayo de 1971, fecha en que el Administrador emitió su decisión final. Es así porque el Art. 11 de la Ley, 11 L.P.R.A. sec. 10, establece un término de 30 días para apelar de la decisión del Administrador para ante la Comisión Industrial y en este caso no se apeló.

A base de lo dicho la demanda presentada por el Administrador y por la viuda el 22 de junio de 1971 estaba en tiempo tanto respecto a sus derechos propios como al derecho de la viuda como heredera de la causa de acción que tenía su esposo al momento de morir. Esta acción de la viuda aprovecha a sus hijos, como veremos a continuación, e interrumpió la prescripción de la acción de ellos como herederos de su padre.

■ La adición de los hijos como demandantes no tiene el efecto de introducir una nueva causa de acción para reclamar lo que ya la viuda había reclamado por los daños que sufrió el obrero. El patrimonio del obrero pasó a sus herederos "por el hecho solo de su muerte", que dice el Art. 610 del Código Civil, 31 L.P.R.A. sec. 2092. La presentación de la demanda por o en interés de la viuda interrumpió la prescripción para todos los herederos de su esposo. A este efecto, dice el Art. 1874 del Código Civil, 31 L.P.R.A. sec. 5304, en su primer párrafo:

"La interrupción de la prescripción de acciones en las obligaciones solidarias aprovecha o perjudica por igual a todos los acreedores y deudores."

La obligación de Tropigas frente al obrero era una; indemnizarle por los daños y perjuicios sufridos por él con motivo de las lesiones que la explosión del tanque de gas licuado le produjo. Habiendo muerto, su causa de acción pasó a sus herederos, que lo eran sus hijos y su viuda. Estos son los acreedores de Tropigas, y por razón de la póliza, de Commercial como codeudora solidaria. El ejercicio de la acción por cualquiera de ellos—en este caso por la viuda—aprovecha a todos los demás.

La doctrina española se pronuncia unánimemente conforme con lo dicho. Scaevola, *Código Civil*, tomo XII, libro III, título III, ed. 1950, comentando el Art. 659 del Código Civil Español, equivalente al 608 nuestro, 31 L.P.R.A. sec. 2090, dice a la pág. 55:

"Se encuentra reconocido en nuestro Derecho por el art. 659 del Código civil, el principio general de que la herencia comprende todos los bienes, derechos y obligaciones de una persona que no se extinguen por su muerte, en términos que, conforme a lo dispuesto en el 661, los herederos suceden al difunto por el solo hecho de su muerte en todos sus derechos y obligaciones, y, en armonía con tales preceptos, tiene sancionado la jurisprudencia que, aún estando proindivisa la herencia, cualquiera de los herederos puede ejercitar en beneficio de la masa común

las acciones que correspondían al difunto, quedando al hacer esto sometido a las reglas de la comunidad de bienes o de las obligaciones mancomunadas y solidarias. En su virtud—agrega —lo adquirido por el heredero al ejercitar con tal carácter un derecho perteneciente a aquél de quien trae causa, no produce la adquisición para sí, sino a favor de la herencia, y queda sujeto por tanto, a la distribución que de esta se haga." (Sentencia de 8 de abril de 1930, que viene a completar la doctrina de la de 22 de diciembre de 1860, que cita el comentarista.)

Manresa, *Comentarios al Código Civil Español*, tomo V, libro III, título III, ed. 1972 y comentando el Art. 661, equivalente al 610 nuestro, 31 L.P.R.A. sec. 2092, señala a la pág. 443:

"Fundándose en el precepto de este artículo, y en el del 657, declara el Tribunal Supremo, en sentencias de 24 de octubre y 23 de noviembre de 1903, que mientras la herencia se halla proindiviso, cada uno de los herederos puede por sí sólo, o sin el concurso de los demás, ejercitar las acciones que correspondieran al difunto, siempre que redunden en beneficio de la masa, o no sea en perjuicio de los otros coherederos, sujetándose a los preceptos reguladores de la comunidad de bienes, por lo que infringe los citados artículos el fallo que exige que la acción se entable por todos los herederos."

Castán, *Derecho Civil Español, Común y Foral*, tomo VI, volumen I, ed. 1960, expresa a la pág. 247:

"En cuanto al ejercicio de acciones, es jurisprudencia del Tribunal Supremo que cualquiera de los coherederos puede ejercitar en beneficio de la masa común las acciones que corresponderían al causante, quedando al hacerlo, sometido a las reglas de la comunidad de bienes."

*Se modificará la resolución del Tribunal recurrido para declarar con lugar la defensa de prescripción en cuanto se refiere a la reclamación de los hijos del obrero por los daños y perjuicios que ellos personalmente sufrieron con motivo de la muerte de su padre, y se confirmará en sus otros extremos.*

*Se devolverán los autos al Tribunal recurrido para ulteriores procedimientos consistentes con lo aquí expresado.*

El Juez Presidente, Señor Trías Monge, no intervino. El Juez Asociado, Señor Dávila, emitió opinión separada con la cual concurre el Juez Asociado, Señor Torres Rigual, disintiendo en parte.

—O—

Opinión del Juez Asociado Señor Dávila con la cual concurre el Juez Asociado Señor Torres Rigual disintiendo en parte

San Juan, Puerto Rico, a 14 de octubre 1974

El Tribunal concluye que la causa de acción de los hijos no dependientes está prescrita en cuanto se refiere a los daños por ellos sufridos como consecuencia de la muerte de su padre, pero que la acción para recobrar los daños que sufrió su padre, en los 11 días que vivió desde que sufrió el accidente hasta su deceso, a la luz de lo resuelto en *Vda. de Delgado* v. *Boston Ins. Co.,* 101 D.P.R. 598 (1973), no está prescrita. Para fundamentar esta proposición se afirma que "el obrero en este caso no podía ejercitar su causa de acción mediante la presentación de demanda hasta pasados 90 días de ser firme la decisión que rindiera el Administrador del Fondo del Seguro del Estado." No puedo estar de acuerdo con este razonamiento.

La muerte del obrero terminó con su causa de acción. A su muerte según resolvimos en *Vda. de Delgado,* supra, la causa de acción la heredaron su viuda y sus hijos. No la podían ejercitar, en virtud de lo dispuesto por el Art. 31 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 32, la viuda y los dependientes del obrero, pero nada impedía que los herederos no dependientes la ejercitaran. La propia opinión del Tribunal sostiene que no tenían que comparecer en la demanda la viuda y todos los herederos al exponer que "el ejercicio de la acción por cualquiera de ellos

. . . aprovecha a todos los demás." *Cf. Hernández* v. *Fournier,* 80 D.P.R. 93 (1957). Así es que nada impedía que los herederos no dependientes la ejercitaran dentro del año de haber muerto su padre. Al no ejercitarla dentro del año de ocurrida la muerte la acción prescribió en cuanto a ellos.