322

Roberto OSORIO, Antonio Luis Osorio, Sarymar Busher and Brandy Osorio, Plaintiffs

v.

GRUPO HIMA SAN PABLO, INC., d/b/a Hospital Hima San Pablo Fajardo; Dr. Jamil Abou Elhossen; Dr. Alexis Pablos Duclerc; Dr. Jesus Buonomo; Dr. Ivan Antunez; Dr. Rafael Pastrana; Dr. Carlos Tejeda; ABC Insurance; EFG Insurance; John Doe; James Roe; Moe–Foe Conjugal Partnerships I–X; Sindicato De Aseguradores Para La Suscripcion Conjunta Del Seguro De Responsabilidad Profesional Medico–Hospitalaria (SIMED); XYZ Insurance Co, Inc., Defendants

CIVIL 15–1729CCC

United States District Court, D. Puerto Rico.

Signed 12/07/2017

David C. Indiano–Vicic, Ileana C. Cardona–Fernandez, Leticia Casalduc–Rabell, Jeffrey M. Williams–English, Indiano & Williams, PSC, San Juan, PR, for Plaintiffs.

Roberto E. Ruiz–Comas, RC Law and Litigation Services PSC, Arnaldo Pacheco–Diaz, Santiago Puig Law Offices, Doris Quinones–Tridas, Quinones Tridas Law Office, PSC, Jose A. Gonzalez–Villamil, Gonzalez Villamil Law Office, Jorge J. Lopez–Lopez, Lopez & Nevares LLP, Gloria M. De–Corral–Hernandez, De Corral & De Mier, LLP, Ramonita Dieppa–Gonzalez, San Juan, PR, for Defendants.

## EVIDENTIARY RULING

CARMEN CONSUELO CEREZO, United States District Judge

Before the Court is the Motion to Exclude or Limit the Testimony of Máximo Rohena filed by defendant Dr. Jamil Abou El Hossen Duarte (Abou) on August 1, 2017 (d.e. 126). Rohena is a non-party, widower of the deceased Enid Cerra, who was announced by the plaintiffs as a witness to support the claim inherited by them for the pain and suffering endured by their mother before her death. He is himself a plaintiff in the related action filed before the Commonwealth court. Defendant Abou also includes in the in-limine motion a request to dismiss plaintiffs' inherited survivorship claim. Both the in-limine motion to exclude the testimony of Rohena and the dismissal requested are DENIED.

This case is before the Court based on diversity of jurisdiction. The controlling

case relevant to the controversies raised by defendant is Tropigas de P.R. v. Tribunal Superior, 102 D.P.R. 630, 2 P.R. Offic. Trans. 816 (1974).[1] Movant mistakenly concludes that because an estate ("sucesión") does not exist as a separate legal entity independently of its members, it follows that none of the heirs can appear in court as representatives of the estate to assert claims or defenses pertaining to it. This issue was adjudicated by the Supreme Court of Puerto Rico in 1974 in Tropigas. Both Tropigas and this case have a common factual scenario: the plaintiffs inherited the decedent's claim for pain and suffering allegedly caused by the defendant before his/her death and appeared as representatives of the estate ("sucesión") with regard to the survivorship claim.

The Court in Tropigas, following the doctrine unanimously espoused by Scaevola, Manresa and Castan, leading Spanish Commentators on Civil Law, adopted the following legal precept:

- ...even in the case of an undivided inheritance, any of the heirs may exercise, for the benefit of the estate in common, the actions corresponding to the deceased, being subject upon doing so, to the rules of the community property or to the joint and solidary obligations.... what the heir acquires by exercising in such character a right belonging to the person whose action he brings, does not produce the acquisition for himself, but in favor of the inheritance, and it is subject, therefore, to the distribution of the inheritance.

Id., at p. 827 (quoting Scaevola on his comments to Article 659 of the Spanish Civil Code, equivalent to Article 608 of the Puerto Rico Civil Code, 31 L.P.R.A. section 2090, which provides: "The inheritance includes all the property, rights, and obligations of a person which are not extinguished by his death."

- ... while the inheritance is undivided, each one of the heirs may by himself, or without the others' consent, exercise the actions corresponding to the decedent, provided they result in benefit of the estate, and not in prejudice of the other co-heirs, subject to the governing principles of the community property, reason why the decision demanding that the action be instituted by all the heirs violates the aforecited articles.

Id., at p. 828 (quoting Manresa on his comments to Article 661 of the Spanish Civil Code, equivalent to Article 610 of the Puerto Rico Civil Code, 31 L.P.R.A. section 2092, which provides: "Heirs succeed the deceased in all his rights and obligations by the mere fact of his death."

- As to the exercise of actions, the case law of the Supreme Court has established, that any of the co-heirs may exercise, for the benefit of the estate in common, the actions corresponding to the decedent, being subject, by doing so, to the rules of the community property.

Id. (quoting Castan).

Whatever one's perceptions or interpretations of the Tropigas' decision, the doctrine established by the Supreme Court of Puerto Rico in that case is definitive and binding upon this Court. It being established that any of the heirs by him/herself, without the consent of the others, may exercise a judicial action, pertaining to the

---

1. See also the earlier 1954 case of Flores v. Rodríguez, 77 P.R.R. 681, 686 (1954), which addressed the heirs' role as representatives of an estate in a court proceeding, stating: "It being the case of a compulsory community of property and rights, any one of the heirs or part thereof may appear at the trial to defend his common rights, and if he prevails, his victory is for the benefit of all the co-owners."

decedent, if its exercise results in benefit to the others, and as long as the inheritance is undivided, the motion in limine and the dismissal request contained therein are both DENIED.

SO ORDERED.