Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| MELVIN FIGUEROA CANCEL<br><br>Recurrido<br><br>v.<br><br>HOGAR DEL CARMEN SENIOR LIVING CORP. Y OTROS<br><br>Peticionarios | TA2025CE00270 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso núm.: SJ2024CV04001 (801)<br><br>Por: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de agosto de 2025.

El Tribunal de Primera Instancia ("TPI") denegó una moción de desestimación de una reclamación heredada sobre daños y perjuicios. Según se explica a continuación, concluimos que la causa de acción heredada no está prescrita, por lo cual actuó correctamente el TPI.

I.

En mayo de 2024, el Sr. Melvin Figueroa Cancel (el "Hijo"), por sí, "y en representación de María Teresa Cancel Estrada" (la "Causante"), presentó la acción de referencia (la "Demanda") en contra, en lo pertinente, de Hogar Del Carmen Senior Living Corp. (la "Corporación") y de Triple-S (la "Aseguradora").

Alegó que la Causante había fallecido en enero de 2024 y que él era un heredero de ella. Aseveró que la Causante, mientras residía en una institución operada por la Corporación, "sufrió una caída/trauma que le provocó la ruptura de su ojo izquierdo", y que ello fue atribuible al "maltrato y negligencia" de la Corporación. Se reclamó por los daños físicos y angustias mentales, así como los

daños económicos, sufridos por la Causante como consecuencia de la caída. Además, el Hijo reclamó por sus propias angustias mentales.

En julio de 2024, la Corporación contestó la Demanda. Negó haber incurrido en negligencia en conexión con la caída de la Causante. Arguyó que el Hijo no podía tramitar la reclamación de la Causante a menos que probase que era su "único heredero".

Poco después, la Aseguradora contestó la Demanda. Planteó que "falta parte indispensable para representar a los herederos de la causante". Negó que la Corporación incurriese en negligencia y alegó que la Demanda estaba prescrita.

Luego de varios trámites, el 13 de junio de 2025, el TPI notificó una Orden mediante la cual concedió 20 días al Hijo para "atender" el que "falta[ra]n partes indispensables" por no haber comparecido como demandantes todos los integrantes de la sucesión de la Causante (la "Sucesión").

El 17 de junio de 2025, el Hijo informó al TPI que, desde el 24 de junio de 2024, mediante un dictamen judicial en otro caso, sobre declaratoria de herederos (CA2024CV01865), se reconocieron como "únicos y universales herederos" de la Causante a él, a José Manuel Figueroa Cancel y a Jessica Figueroa Cancel (José Manuel y Jessica, los "Otros Herederos"). Solicitó al TPI que autorizara la presentación de una demanda enmendada en la cual se unieran, como demandantes, los Otros Herederos, ello en su carácter como integrantes de la Sucesión. Se acompañó el proyecto de demanda enmendada.

Mediante una Orden notificada al día siguiente, el TPI autorizó la presentación de la demanda enmendada.

El 18 de junio de 2025, la Corporación solicitó la desestimación de la causa de acción heredada por prescripción (la "Moción"). Arguyó que "la doctrina exige que se presente la acción

por todos los integrantes individuales de la Sucesión, ya que la Sucesión *per se* no cuenta con personalidad jurídica propia." Planteó que, al no haberse presentado la Demanda, "por los daños heredados" de la Causante, "por todos los miembros de la Sucesión dentro del término de 1 año de su fallecimiento, a la luz de la clara doctrina vigente, procede la desestimación de la causa heredada". Poco después, la Aseguradora se unió a la Moción.

El Hijo se opuso a la Moción; arguyó que "la presentación de la demanda por uno de los herederos válidamente interrumpió el término de prescripción".

Mediante una Resolución notificada el 24 de junio de 2025 (la "Resolución"), el TPI denegó la Moción. El TPI razonó que la reclamación del Hijo, al presentar inicialmente la Demanda, "benefició a los demás herederos e interrumpió el término prescriptivo de la causa heredada". El TPI observó que la "enmienda solicitada no incluye una causa de acción nueva contra los demandados" y que dicha acción "aprovechó" a los Otros Herederos.

El TPI tomó nota de que esta fue la norma establecida, "al enfrentarse a una controversia equivalente", en *Tropigas v. Tribunal Superior*, 102 DPR 630 (1974). El TPI relató que, en ese caso, se presentó una demanda en daños y perjuicios por la viuda de un obrero que falleció como parte de un accidente del trabajo. En lo que nos ocupa, en la demanda original la esposa incluyó un reclamo por los daños heredados por el sufrimiento de su esposo. Sin embargo, no se incluyeron a los hijos como codemandantes a pesar de ser miembros de la sucesión. Posteriormente solicitó permiso para enmendar e incluirlos. Ante el planteamiento de prescripción levantado por los demandados, se reseñó que el Tribunal Supremo concluyó que la "acción de la viuda aprovecha a sus hijos … e interrumpió la prescripción de la acción de ellos como herederos de su padre". El TPI señaló que "la aprobación del nuevo Código Civil

en 2020 no varió los principios en los que se sostuvo dicha decisión, por lo que siguen estando vigentes."

El 8 de julio de 2025, la Corporación solicitó la reconsideración de la Resolución, lo cual fue denegado por el TPI mediante una Orden notificada el 9 de julio de 2025.

El 8 de agosto de 2025, el Hogar presentó el recurso que nos ocupa, en el cual reproduce lo planteado en la Moción[1]. De conformidad con la Regla 7(B)(5) de nuestro Reglamento, resolvemos sin trámite ulterior. Véase *In re Aprobación Enmdas. Regl. TA*, Resolución ER-2025-01, aprobada el 24 de abril de 2025, 2025 TSPR _____.

## II.

"La prescripción extintiva es una institución de derecho sustantivo que extingue el derecho a ejercer determinada causa de acción". *Maldonado Rivera v. Suárez y otros,* 195 DPR 182, 192 (2016). En otras palabras, la prescripción extintiva es materia de naturaleza sustantiva, regida por nuestro Código Civil. *SLG García-Villega v. ELA et al,* 190 DPR 799, 812 (2014); *Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365 (2012).

La prescripción extintiva "tiene como propósito castigar la inercia y estimular el ejercicio rápido de las acciones, puesto que no se debe exponer a las personas toda la vida, o por un largo tiempo, a ser demandadas". *SLG Haedo-López v. SLG Roldán-Rodríguez,* 203 DPR 324, 336-337 (2019) (Citas omitidas). Véase, además, *COSSEC et al. v. González López et al.,* 179 DPR 793, 806 (2010). "Al respecto, transcurrido el periodo de tiempo establecido por ley sin reclamo alguno por parte del titular del derecho, se origina una

---

[1] El 15 de agosto de 2025, la Aseguradora presentó un escrito "uniéndonos a la petición de certiorari presentada" por la Corporación. En la medida en que la Aseguradora pretende, a través de ese escrito, solicitar la revisión de la Resolución, ello es improcedente. Para ello, tenía que presentar su propio recurso, dentro del término jurisdiccional y con el pago de los aranceles correspondientes. De todas maneras, hemos acogido y considerado el referido escrito como un alegato en apoyo del recurso instado por la Corporación.

presunción legal de abandono". *Fraguada Bonilla,*186 DPR a la pág. 374.

Así mismo, el término prescriptivo, cuando no exista disposición especial que indique alguna otra cosa, comenzará a transcurrir desde el día en que pudo ejercitarse la misma. Para que comience a transcurrir el término, es necesario que la persona perjudicada conozca del daño sufrido, quién se lo ha causado y los elementos necesarios para poder ejercitar efectivamente su causa de acción. *Fraguada Bonilla,* 186 DPR a la pág. 374. (Citas omitidas).

Ahora bien, "si el desconocimiento [de los elementos de la causa de acción] se debe a falta de diligencia, entonces no son aplicables estas consideraciones sobre la prescripción". *Íd.*; *COSSEC et al., supra.* A estos efectos, se le exige a la parte afectada la diligencia de una persona prudente y razonable, de manera que descubra los elementos necesarios para su causa de acción en un tiempo razonable para, así, cumplir con los propósitos de la prescripción. Véase, *Vera v. Dr. Bravo,* 161 DPR 308, 330 (2004).

Comenzado a transcurrir el término, la prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor.

Actualmente, y de ordinario, en acciones de daños y perjuicios, cuando coincide más de un causante de un daño, a pesar de que la obligación del deudor es solidaria, el agraviado deberá interrumpir la prescripción en relación con cada co-causante, por separado, dentro del término de un año, si interesa conservar su causa de acción contra cada uno de ellos. Por ello, la presentación oportuna de la demanda contra un presunto co-causante ordinariamente no tiene el efecto de interrumpir el término prescriptivo contra el resto de los alegados co-causantes del daño. *Fraguada Bonilla, supra.* (Citas omitidas).

No obstante, recientemente se aclaró que, en atención a la particular naturaleza de la relación entre quien responde vicariamente por los actos de otra persona, la reclamación por daños contra uno de ellos sí interrumpe en cuanto al otro. *Pérez Hernández v. Lares Medical Center,* 207 DPR 965, 989-990 (2021).

### III.

En primer lugar, y contrario a lo supuesto por el TPI y las partes, la causa de acción aquí heredada sí se puede tramitar sin la presencia de los Otros Herederos, quienes <u>no</u> son partes indispensables en este caso. Ello es suficiente para concluir que actuó correctamente el TPI al denegar la Moción. Veamos.

El Hijo, como integrante de la Sucesión, podía presentar la causa de acción heredada, como un acto de administración de la comunidad hereditaria realizado para beneficio de la Sucesión. Por tanto, no tiene pertinencia que los Otros Herederos no formaran parte de la Demanda, según inicialmente presentada, ni tampoco la fecha en que estos determinaron formar parte de la misma.

En efecto, la norma reconocida ampliamente por la doctrina es que, "aun estando proindivisa la herencia, **cualquiera de los herederos puede ejercitar en beneficio de la masa común las acciones que correspondan al difunto**. … [L]o adquirido por el heredero al ejercitar con tal carácter un derecho perteneciente a aquél de quien trae causa, no produce la adquisición para sí, sino a favor de la herencia, y queda sujeto, por tanto, a la distribución que de esta se haga." Scaevola, *Código Civil,* tomo XII, libro III, título III, ed. 1950, pág. 55 (según citado en *Tropigas de P.R. v. Tribunal Superior,* 102 DPR 630, 639-640 (1974); (énfasis suplido)).

Así pues, "cada uno de los herederos puede **por sí solo, o sin el concurso de los demás**, ejercitar las acciones que correspondan al difunto, siempre que redunden en beneficio de la masa, o no sea en perjuicio de los otros coherederos, sujetándose a los preceptos

reguladores de la comunidad de bienes, por lo que **infringe los citados artículos el fallo que exige que la acción se entable por todos los herederos**." Manresa, *Comentarios al Código Civil Español*, tomo VI, libro III, título III, ed. 1972, pág. 443 (según citado en *Tropigas de P.R., supra*, 102 DPR a la pág. 640; énfasis suplido).

En fin, no hay duda de que, "en cuanto al ejercicio de acciones … cualquiera de los coherederos puede ejercitar en beneficio de la masa común las acciones que corresponderían al causante …". Castán, *Derecho Civil Español, Común y Foral*, tomo VI, volumen I, ed. 1960, pág. 247 (según citado en *Tropigas de P.R., supra*, 102 DPR a la pág. 640).[2]

En segundo lugar, y aun partiendo de la premisa (errónea) de que sí era necesario, para reclamar por la causa de acción heredada, que concurrieran todos los integrantes de la Sucesión, en este caso la oportuna reclamación del Hijo benefició y aprovechó a los Otros Herederos, por lo que no hay problema de prescripción. Así lo establece explícitamente el texto del Código Civil vigente. Véanse Artículos 1104 y 1539 del Código Civil, 31 LPRA secs. 9063 y 10804 (estableciendo que es solidaria la responsabilidad de los cocausantes de un daño extracontractual y que la "interrupción de la prescripción de las acciones en las obligaciones solidarias aprovecha o perjudica por igual a todos los acreedores").

De hecho, como bien explicó en detalle el TPI en la Resolución, esta ha sido la norma por más de cincuenta años. *Tropigas de P.R., supra*, 102 DPR a las págs. 638-639 ("esta acción de la viuda aprovecha a sus hijos … e interrumpió la prescripción de la acción de ellos como herederos de su padre. … La presentación de la

---

[2] Por su parte, y contrario a lo planteado por la Corporación y la Aseguradora, la norma establecida en *Vilanova et al. v. Vilanova et al.*, 184 DPR 824 (2012), no aplica en este contexto, pues en ese caso se trataba de una disputa interna entre los propios integrantes de una sucesión, en cuyo caso, por supuesto, todos sus integrantes resultaban indispensables. En este caso, se trata de una acción para beneficiar a la Sucesión y en la cual no hay conflicto alguno entre sus integrantes.

demanda por ... la viuda interrumpió la prescripción para todos los herederos de su esposo").

Contrario a lo planteado por los demandados, no tiene pertinencia en este contexto la norma especial a los efectos de que, de ordinario, el acreedor de una obligación extracontractual debe interrumpir separadamente la prescripción en cuanto a cada co-causante de un daño extracontractual. Véase Artículo 1104 del Código Civil, 31 LPRA sec. 9063; *Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365 (2012). En este caso, no estamos ante un co-deudor contra quien ningún acreedor reclamó oportunamente. Aquí, un acreedor reclamó oportunamente contra todos los deudores, aquí demandados, y, según se explicó arriba, tanto la norma estatutaria vigente, como la norma jurisprudencial ininterrumpida, claramente establece que, cuando la obligación reclamada es solidaria, como aquí, la interrupción o reclamación por un acreedor, en cuanto a determinado deudor, aprovecha a los demás acreedores en cuanto a dicho deudor.

IV.

Por los fundamentos expuestos, se expide el auto solicitado, se confirma la Resolución recurrida y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de manera compatible con lo aquí expuesto y resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones