EL DÍA, INC. y GARY M. WILLIAMS, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. MODESTO VELÁZQUEZ FLORES, JUEZ, demandado.

*Número:* O-75-329      *Resuelto:* 23 de septiembre de 1975

*Vicente Santori Coll* y *Jaime Sifre Rodríguez,* abogados de los peticionarios.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

El 11 de enero de 1972 Jorge L. Rodríguez Ortiz fue arrollado por un automóvil propiedad de El Día, Inc., conducido por Gary M. Williams. Por constituir un accidente compensable del trabajo, por sus lesiones recibió tratamiento en el Fondo del Seguro del Estado, el cual, en 22 de noviembre de 1972, mediante decisión final de su Administrador, le adjudicó compensación.

El 23 de agosto de 1973 Rodríguez Ortiz y su esposa Mercedes Torres Hernández interpusieron demanda ante el Tribunal Superior, Sala de San Juan, reclamando daños contra el propietario y conductor del automóvil en cuestión. Por sentencia sumaria se solicitó la desestimación de la causa de acción de la esposa del accidentado por el fundamento de estar prescrita. El tribunal de instancia erróneamente se negó.

■ Conforme lo dispuesto en el Art. 31 de la Ley Núm. 45 del 18 de abril de 1935, según enmendada (11 L.P.R.A. sec. 32)—Ley de Compensaciones por Accidentes del Trabajo —el término de un (1) año de prescripción de una acción independiente por daños contra un tercero responsable no

comienza a correr para el lesionado o sus beneficiarios ". . . hasta después de transcurridos noventa días a partir de la fecha en que la Resolución del Administrador del Fondo del Seguro del Estado fuere firme y ejecutoria." *Gallart Mendía* v. *González Marrero*, 95 D.P.R. 201, 205 (1967); *Negrón* v. *Comisión Industrial*, 76 D.P.R. 301 (1954). Véase: *Gallart, Admor.* v. *Banco Popular*, 91 D.P.R. 818 (1965).

En el diseño legislativo de la Ley de Compensaciones por Accidentes del Trabajo, la contingencia de que el término prescriptivo quede suspendido durante el proceso de adjudicación ante los organismos correspondientes—el Fondo y la Comisión Industrial—y a quienes puede cobijar ofrece cierta dificultad en algunos casos de muerte, ya que "la dependencia económica es el factor básico para determinar si una persona tiene derecho a compensación como beneficiario, difícilmente tal carácter puede atribuirse a nadie de antemano." *Gallart Mendía,* supra, pág. 207. Como regla general, la determinación de quién es beneficiario, es una que recae al momento en que el Administrador emite su decisión final, la cual en ocasiones, es con posterioridad a haber transcurrido un (1) año.

Sin embargo, cuando se trata de un accidente del trabajo en que la persona solamente sufre lesiones, sin mediar muerte dentro del período de tiempo que establece la ley, realmente no existe ni entra en juego problema de identificación de beneficiario; éste será el propio lesionado.

■ Corolario de lo expuesto, el término prescriptivo de un (1) año para iniciar acción de daños contra el causante responsable dispuesto en el Art. 1868 de nuestro Código Civil (31 L.P.R.A. sec. 5292) no queda afectado ni suspendido en cuanto a familiares de un lesionado acogido a tratamiento ante el Fondo del Seguro del Estado por no resultar éstos "beneficiarios" al amparo de la legislación especial compensatoria, la cual es distinta al régimen de derecho sucesoral general consagrado en nuestro Código Civil. *Tropigas de*

*P.R.* v. *Tribunal Superior,* 102 D.P.R. 630 (1974); *Gallart Mendía,* supra, pág. 206.

En *Robles Ostolaza* v. *U.P.R.,* 96 D.P.R. 583 (1968), establecimos la norma de que la causa de acción por daños físicos o morales sufridos por un cónyuge es de carácter privativo. Desafortunadamente, tal es la situación en el caso de autos respecto a la reclamación por daños mentales de la codemandante Mercedes Torres Hernández. No era "beneficiaria" bajo el régimen de ley especial, y por ende no existía impedimento para que ejercitara su causa de acción dentro del año de ocurrido el accidente de su esposo.

*Se expide el auto solicitado y se revoca la Resolución del Tribunal Superior, Sala de San Juan, dictándose en su lugar Sentencia desestimatoria de la acción incoada por Mercedes Torres Hernández.*