Ana M. SANTIAGO, Carmen Martinez, Etanislao Nuñez, Petra Baez Diaz, Carmen Ada Torres, Ricardo Torres, Edna Ivette Torres, Carmen M. Rodriguez Baez, J. Rodriguez Baez, Casimiro Rodriguez, Vilma Rodriguez, Plaintiffs,

v.

BECTON DICKINSON & CO., S. A., and/or Becton Dickinson & Co., Inc., and/or Becton Dickinson & Co., and/or Becton Dickinson and/or American Cyanamid Co. and Sandoz Colors and Chemicals, Division of Sandoz Inc., and Sandoz Inc., Defendants.

Civ. No. 78–1603.

United States District Court,
D. Puerto Rico.

May 27, 1982.

Jaime Pieras, Jr., Hato Rey, P. R., and Carlos J. Ortiz, San Juan, P. R., for plaintiffs.

Bauzá & Dávila by José L. Gándara, Old San Juan, P. R., for Sandoz.

Miranda-Cárdenas, De Corral & Rodríguez by Ernesto F. Rodríguez-Surís, San Juan, P. R., for Becton.

Fiddler, González & Rodríguez by Pedro J. Polanco, San Juan, P. R., for American Cyanamid.

## OPINION AND ORDER

CEREZO, District Judge.

This is an action for recovery of damages suffered in an employment related activity. Federal jurisdiction is based on diversity of citizenship. Defendants Becton Dickinson & Co. S. A., American Cyanamid Co. (ACC),

Sandoz Inc. and Colors and Chemicals Division of Sandoz Inc. (Sandoz)[1] have filed motions for summary judgment alleging that the actions of certain plaintiffs are time barred. Codefendants ACC and Sandoz specifically claim that the actions of *all* plaintiffs are time barred since the amended pleading substituting them for John Doe defendants cannot relate back to the filing date of the original complaint. Sandoz further alleges that the complaint fails to state a cause of action against it for it only sold one shipment of dye on a date in which one of the two injured workers had already ceased working while the other worked for only a short time thereafter.

Ana M. Santiago and Petra Báez, the two injured workers, have claimed that as part of their employment in Peg Bandage, Inc. they were intoxicated with a dye used in the manufacture of band-aids. Ana M. Santiago worked with Peg Bandage, Inc. and its alleged predecessor, Paulis Silk Co. and Ace Bandage, Inc., from September 1971 to February 1974 while Petra Báez worked in this factory from November 1971 to May 1975. They commenced administrative proceedings pursuant to Puerto Rico's Workmen's Accident Compensation Act (PRWACA), *P.R.Laws Ann.* Tit. 11, Sec. 1 *et seq.* The administrative decision as to Santiago became final on September 1977 and as to Báez on October 5, 1977.

The original complaint filed on August 24, 1978 included unknown defendants as the manufacturers of the harmful dye. On August 20, 1979, in response to an interrogatory sent by plaintiffs on February 1979 requesting the names of the manufacturers of the dye, codefendant Becton Dickinson & Co. (the parent corporation of Peg Bandage Inc.) answered that from February 1973 to May 1974 Peg Bandage Inc. used a dye obtained from ACC and that on March 1975 they received a shipment of dye from Sandoz. The complaint was amended on September 26, 1979 to substitute the unnamed

defendants for ACC and Sandoz. These moved for summary judgment in December 1980 and accompanied sworn statements admitting that they sold the dye but asserting that it was manufactured by Young Aniline Works, Inc.[2] in Baltimore, Maryland and that they had not received notice of the complaint until November 1979. All defendants joined in seeking dismissal of the claims of all non-PRWACA beneficiaries who were of legal age one year before the complaint was filed and of the conjugal partnership of Petra Báez and Casimiro Rodríguez on the ground that the administrative proceeding provided by PRWACA only tolled the statute of limitations for the beneficiaries, and, since no worker had died as a result of the employment accident, only the two injured workers could be considered beneficiaries. Plaintiffs have opposed these motions urging that the allegations in the original complaint are sufficient to include the seller of the dye as a John Doe defendant and that the action is not time barred as to the minors since the statute of limitations for this type of action does not commence until they reach legal age. This being a diversity case, we must review applicable statutes and case law of Puerto Rico on matters related to time limitations. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

The Supreme Court of Puerto Rico has often held that the matter of extinctive prescription is a substantive, not procedural, question, governed by the Civil Code of Puerto Rico (Civil Code); Articles 1830 to 1875, *P.R.Laws Ann.*, Tit. 31, Secs. 5241–5305. *Febo Ortega v. Superior Court*, 102 DPR 405 (1974). In Puerto Rico, tort actions have a one-year statute of limitations which accrues upon the victim's knowledge of the injury. Article 1868, *Civil Code* (1930

---

1. This defendant has by sworn statement affirmed that Colors and Chemicals is an unincorporated division of Sandoz Inc. We consider both as Sandoz Inc. for all purposes of this complaint including the summons and notice requirements.

2. This corporation was never joined as a party.

ed.); *P.R.Laws Ann.*, Tit. 31, Sec. 5298; *González v. Pérez*, 57 PRR 843 (1941). This may be tolled by filing a judicial action, by an extrajudicial claim or demand that effectively reaches the tort-feasor or by an express recognition by the tort-feasor of his liability. Article 1873 Civil Code, *P.R.Laws Ann.*, Tit. 31, Sec. 5303; *Díaz de Diana v. A. J. A. S. Ins. Co.*, —— DPR ——, December 11, 1980, 80 JTS 95. In the case of minors, the time period does not commence until they have attained legal age [21 years for civil matters; Article 217, Civil Code of Puerto Rico (1930 ed.) *P.R.Laws Ann.*, Tit. 31, Sec. 971]. Article 40, *Code of Civil Procedure of Puerto Rico; P.R.Laws Ann.*, Tit. 32, Sec. 254; *Valentín v. Jaime*, 86 PRR 735 (1962); *Marques v. Superior Court*, 85 PRR 536, 539 (1962). Another exception to the one-year time limitation is established by PRWACA when the injured worker, his surviving beneficiaries or the Administrator of the Workmen's Accident Compensation Fund institute judicial proceedings against a non-employer third party after conclusion of the administrative proceedings. *P.R. Laws Ann.*, Tit. 11, Sec. 32. The Supreme Court of Puerto Rico when interpreting this section of the statute has repeatedly stated that since the injured worker or his surviving beneficiaries cannot file a claim in court during the pendency of the administrative proceeding, the statute of limitations does not commence to run until the administrative decision is final. *Tropigas de P. R. v. Tribunal Superior*, 102 DPR 630 (1974). However, since non-beneficiaries may file a claim against a third party at any time after the accident occurs, the statute of limitation as to them is not interrupted by the administrative proceeding and they must file their actions within the period prescribed by statute. *Franco v. Mayaguez Building*, 108 DPR 192, 195 (1978); *El Día Inc. v. Superior Court*, 104 DPR 149 (1975). When the injury does not result in the worker's death, the worker is considered as the sole beneficiary. *Id.*, at 151–152. See: *Tropigas de P. R. v. Superior Court*, 102 DPR 630 (1974). The claim for loss of earnings, *lucro cesante*, belongs to the conjugal partnership and it must be brought by this separate entity. *Franco v. Mayaguez Building, ante.* In the present case plaintiffs Carmen Martínez, Etanislao Núñez, Casimiro Rodríguez, the conjugal partnership of Casimiro Rodríguez and Petra Báez as well as the children of the injured workers were not beneficiaries because neither of the two workers has died. The complaint is, therefore, time barred as to all of the non-beneficiary plaintiffs who were of legal age a year before the filing of any of the complaints as well as to the conjugal partnership of Petra Báez and Casimiro Rodríguez. These plaintiffs have also failed to allege or demonstrate that the limitations period was interrupted as to any of them in some other way.

■ On the matter of whether the amendment substituting codefendants ACC and Sandoz for John Doe and Richard Roe should relate back to the original complaint, it is clear that if it does not the action by all plaintiffs would be time barred as to them since more than a year elapsed between the final PRWACA decision and the filing of the amended pleading. ACC and Sandoz rely on the decisions of many Circuits[3] which have applied the criteria of Rule 15(c), Federal Rules of Civil Procedure, requiring that the claim or defense contained in the amendment derive from the occurrence set forth in the original pleading and that the party to be brought have received adequate notice of the complaint and knew or should have known that, but for a mistake in designation, the action would have been brought against him. Our Circuit, however, has adopted a different position in determining which rule is applicable when

---

**3.** *Anderson v. Allstate Ins. Co.*, 630 F.2d 677 (9th Cir. 1980); *Kerney v. Fort Griffin Fandangle Ass'n. Inc.*, 624 F.2d 717 (5th Cir. 1980); *Wood v. Worachek*, 618 F.2d 1225 (7th Cir. 1980); *Royal Indemnity Co. v. Petrozzino*, 598 F.2d 816 (3rd Cir. 1979); *Britt v. Arvanitis*, 590 F.2d 57 (3rd Cir. 1978); *Sassi v. Breier*, 584 F.2d 234 (7th Cir. 1978) among others. Defendants for the first part of their argument (PRWACA non-beneficiaries and the statute of limitations) indicate that resort to state law is imperative. They surprisingly abandoned this position for the second part of the argument.

jurisdiction hinges on diversity. In *Marshall v. Mulrenin*, 508 F.2d 39, 44 (1st Cir. 1974) it held that in a diversity case the question of whether an amendment substituting a party relates back to the original complaint has a direct substantive effect and that, since the application of the federal rule of procedure defeated substantive state rights, state law should be applied. See: *Covell v. Safetech, Inc.*, 90 F.R.D. 427, 433 (D.C.Mass.1981). Aside from the fact that the federal rules do not deal with the particular problem of John Doe defendants; see: *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *Hanna v. Plumer, ante; Covell v. Safetech, ante,* and generally *Feinstein v. Massachusetts Gen. Hosp.*, 643 F.2d 880 (1st Cir. 1981), Puerto Rico's Rules of Civil Procedure (PRRCP) provide a mechanism by which a plaintiff may interrupt the statute of limitations by relating the substitution of an unknown defendant back to the time of the filing of the original complaint. Rule 15.5, PRRCP, whose standard is considerably less stringent than that of its federal counterpart, provides that if a defendant's name is unknown plaintiff may use a fictitious name to identify him temporarily and, upon discovering the real name, may amend to substitute the fictitious name for the properly identified defendant.[4] The effect of this procedural mechanism is clearly substantive since the newly identified party will be considered a defendant from the moment the original complaint was filed. Thus, the statute of limitations is deemed interrupted, pursuant to Article 1873 of the Civil Code, since the original filing. The date in which a defendant is first included in a complaint is the date to be considered for purposes of the interruption of a statute of limitations. *Figueroa Díaz v. Escobales,* 101 DPR 173 (1973); *Bithorn v. Santana,* 68 PRR 281 (1948).

The notes on Rule 15.5 indicate that it does not refer to unknown persons or entities but rather to defendants whose identity is known but whose name at the moment of filing the complaint is unknown to plaintiffs. In *Fuentes v. District Court,* 73 PRR 893 (1952), plaintiff included as John Does all other heirs who may have existed but who were unknown. The Supreme Court of Puerto Rico there said: "If the original complaint is legally sufficient and a defendant is joined under a fictitious name inasmuch as his identity but not his specific name is known, the complaint may subsequently be amended." *Id.,* at 916. The Court concluded that defendant did not know whether other heirs existed so as to permit the relation back effect of the rule. In *Ortiz v. Municipal Government,* 94 PRR 449 (1967) the Court, following the criteria adopted by California courts,[5] stated: "[w]here a complaint attempts to set forth a cause of action against a defendant designated by a fictitious name and his true name is thereafter discovered and substituted by amendment, he is considered a party to the action from the filing of the original complaint, and that is the date to be considered for determining any contention on extinctive prescription...." *Id.,* at 455. It concluded that a determination as to the effective date of defendant's substitution for John Doe brings into play both Rules 15.5 and 13.3. *Id.,* at 454. This means that an amendment identifying a John Doe defendant will relate back only if the claim asserted against him arises out of the same occurrence set forth in the original pleading.[6] The Court, after examining the allegations of the original complaint, concluded

---

4. "Where the name of a defendant is not known to the plaintiff, he shall so state in the complaint designating him by any name in the proceeding and upon learning his real name, he shall make amendment in the pleading or proceeding." *P.R.Laws Ann.*, Tit. 32 Ap. II R. 15.5. The 1979 amendments do not alter its substance. See: *P.R.Laws Ann.*, Tit. 32 AP III R. 15.4.

5. Rule 15.5 is derived from Section 474 Code of Civil Procedure, California.

6. Rule 13.3: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, the amendment relates back to the date of the original pleading...." *P.R.Laws Ann.*, Tit. 32 Ap. III R. 13.3.

that, absent a deliberate concealment of an indispensable party or an intentional lack of diligence on plaintiff's part, the allegations showed the intention of substituting the insurance company for the John Doe defendant and thus the statute of limitations was interrupted on the date the original complaint was filed. The approach of California courts also favors a liberal interpretation of the allegations setting forth a claim against John Doe defendants and the relation back effect of a later substitution. In *Marasco v. Wadsworth*, 21 Cal.3d 82, 145 Cal.Rptr. 843, 578 P.2d 90 (1978) the California Supreme Court outlined the criteria to be applied in determining the relation back effect:

> The original complaint attempts to state a claim against all the defendants, whether sued by true or fictitious names. . . . In this respect, plaintiff need do no more than set forth or attempt to set forth a cause of action against such defendants . . . plaintiffs complaint stated a claim with at least as much particularity as the state of the case law and the applicable statutes would allow. . . . (Citations omitted.) 145 Cal.Rptr. at 846, 578 P.2d at 93.

The Court distinguished a previous case where there was "absolutely no attempt by the pleader to assert a claim against a fictitious defendant." *Id.* See annotation 85 A.L.R.3d p. 130.

We must determine then if the allegations of the original complaint against the John Doe defendants revealed the intention of bringing suit against the seller of the dye as well as against the manufacturer since the date the original complaint was filed. There has been no showing by defendants that plaintiffs knew the name of the seller or manufacturer and deliberately withheld it or that they were not diligent in substituting when they learned the true name. Although plaintiffs did not incorporate the exact wording of Rule 15.5, PRRCP, in their allegations on the lack of knowledge of these defendants' names, a review of the entire original complaint shows that when they filed it they knew that there existed entities that produced, distributed and sold the dye to their employer whose names at that time were unknown to them. The allegations, considered in their entirety,[7] assert with sufficient detail duties and responsibilities that may well correspond to the seller of an inherently dangerous product.[8] These allegations are geared to the position taken by the courts of Puerto Rico, on considerations of public policy, concerning the imposition of strict liability on those who introduce a dangerous product in the market and profit by it, *Mendoza v. Cervecería Corona, Inc.*, 97 PRR 487 (1969); see: *Montero v. American Motors Corp.*, 107 DPR 452, 461–463 (1978); *National Car Rental v. Caribe Motors Corp.*, 104 DPR 74 (1975); *Castro v. Payco, Inc.*, 75 PRR 59 (1953), cf. *Martínez v. Chase Manhattan Bank*, 108 DPR 515 (1979) (a dangerous activity that produces pecuniary benefits will generally carry strict liability on the benefiting party) and the general common-law on this matter. See: *Wirth v. Clark Equipment Company*, 457 F.2d 1262, 1264–7 (9th Cir. 1972) (California Law); *White v. Jeffrey Galion, Inc.*, 326 F.Supp. 751, 754 (E.D.Ill.1971) and generally: 1 R. Hursch & H. Baily, *American Law of Products Liability*, Sec. 2:37–46 (2nd ed. 1974). The allegations as a whole outline duties and responsibilities applicable to manufacturers as well as to sellers.[9] To construe a reference to the unknown defendant as manufacturer in one of the allegations of the original complaint as excluding all other unknown parties who could be

---

**7.** In one of the allegations John Doe and Richard Roe are referred to as manufacturers.

**8.** For purpose of this analysis we must assume that the dye was inherently dangerous and that it caused plaintiffs' injuries since none of the defendants have produced any document or sworn statement that would cast doubt on the veracity of these allegations.

**9.** The allegations include an action based on negligence as well as one of strict liability based on an implied warranty. We need not determine at this moment the precise standard of care Puerto Rico requires of a distributor or seller of a harmful product.

 

liable under the factual allegations asserted is to interpret Rule 15.5, PRRCP, in a manner that defeats substantive rights. Furthermore, such a restrictive reading ignores all other relevant allegations of the original complaint which if taken properly into account, state a claim against ACC and Sandoz as sellers whose identity was unknown upon filing. It also disregards the equitable principles embodied in Rules 1, 6.6, and 13.1, Puerto Rico Rules of Civil Procedure, as well as Rules 1, 8(f), 15(a), Federal Rules of Civil Procedure. See: *Moa v. Commonwealth*, 100 PRR 572 (1972) and *Hormel v. Helvering*, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941); *Hartley & Parker, Inc. v. Florida Beverage Corp.*, 348 F.2d 161 (2nd Cir. 1965).

For the reasons stated, the complaints filed by Carmen Martínez and Etanislao Núñez, parents of Ana M. Santiago, and by Casimiro Rodríguez and the conjugal partnership of Petra Báez and Casimiro Rodríguez as well as by all those plaintiffs who were of legal age one year before the complaints were filed are hereby DISMISSED.

Since plaintiffs Carmen Ada Torres, Ricardo Torres, Ivette Torres, Vilma Rodríguez and J. Rodríguez Báez appear in the complaint as the "children" of injured workers Ana M. Santiago and Petra Báez as parents of these plaintiffs, shall present, within thirty days after notice of this Order, certified copies of their birth certificates in order to establish their alleged minority. Failure to do so shall result in dismissal of their claims, without prejudice.

The action against Sandoz Inc. filed by Ana M. Santiago is also DISMISSED since she did not dispute the sworn statements asserting that Sandoz did not sell any dye to the factory where she worked during her period of employment. Although the contact that Petra Báez, the other injured worker, may have had, if any, with the chemical sold by Sandoz was for a short three or four week period, defendants have not, placed the Court in a position to undisputedly hold that the short exposure caused no injury whatsoever.

Partial judgments shall be entered. Upon entry of the same, those parties whose claims have been dismissed shall be excluded from all future documents filed.

SO ORDERED.