**Reinaldo Robles DEL VALLE,
et al., Plaintiff(s)**

v.

**VORNADO REALTY TRUST,
et al., Defendant(s)**

v.

**Ranger America of Puerto Rico Inc.,
et al., Third–Party Defendant(s).**

**Civil No. 06–1818 (JAG).**

United States District Court,
D. Puerto Rico.

Oct. 11, 2007.

---

Luis R. Rivera–Rodriguez, Luis Rafael Rivera Law Office, San Juan, PR, Attorney for Plaintiff.

James W. McCartney, Fernando J. Fornaris–Fernández, Cancio, Nadal, Rivera & Diaz, San Juan, PR, Attorney for Defendant.

Harold D. Vicente–González, Juan M. Martinez–Nevarez, Vicente & Cuebas, San Juan, PR, for Third Party Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is co-defendants Vornado Caguas GPI, Inc. and Vornado Caguas L.P. ("Defendants") Motions to Dismiss. (Docket Nos. 67, 68). For the reasons set forth below, the Court **Denies** Defendants' Motions to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about February 5, 2005, at approximately 12:00 Noon, deceased Celia López García was raped and murdered in the parking lot of Las Catalinas Mall in Caguas, Puerto Rico. On February 6, 2006, Reinaldo Robles del Valle, Celia López García's husband, and their children Ray Yaniel Robles Lopez and Christie Marie Serrano Lopez ("Plaintiffs") filed a complaint before this Court. In the complaint, Plaintiffs allege that the owner/manager of Las Catalinas Mall, which was named as Vornado Realty Trust and/or John Doe failed to provide adequate security in Las Catalinas Mall parking lot.

According to Plaintiffs, the death of Celia López García was due to the negligence of co-defendant Vornado Realty Trust and/or John Doe, who failed to provide adequate security in Las Catalinas Mall parking lot. Plaintiffs claimed damages for the emotional and mental anguish that they suffered and continued to suffer as a result of Celia López García's death. Civil No. 06–1146 (PG) (Docket No. 1). On March 1, 2006 co-defendant Vornado Real-ty Trust filed a Motion to Dismiss, Civil No. 06–1146 (PG) (Docket No. 6), which was granted on April 20, 2006. As a result, Plaintiffs' complaint was dismissed without prejudice. Civil No. 06–1146 (PG) (Docket No. 16).

On August 23, 2006, Plaintiffs filed a second complaint for the same allegations as the complaint in Civil No. 06–1146 (PG). The second complaint named defendant as Vornado Realty Trust. (Docket No. 1). On October 20, 2006, Plaintiffs filed an amended complaint. (Docket No. 8). On November 7, 2006, Vornado Realty Trust answered the amended complaint and stated that Vornado Caguas L.P. was the owner of the shopping center known as Las Catalinas Mall in Caguas. (Docket No. 10).

On February 2, 2007, Plaintiffs filed a second amended complaint adding co-defendants Vornado Caguas L.P. and Vornado Caguas, G.P.I. Inc. (Docket No. 34). On May 24, 2007, Defendants filed two motions to dismiss alleging that Plaintiffs' complaint was time barred. (Docket Nos. 67, 68).

## STANDARD OF REVIEW

A. *Motion to Dismiss Standard.*

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating

the complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

## DISCUSSION

Defendants' contend that Plaintiffs' claim is time barred. To that end, Defendants posit: (1) that the applicable statute of limitations is one year, (2) that more than one year has passed since the facts that give rise to the instant complaint and the filing of said complaint, and (3) that the filing and later dismissal without prejudice of Plaintiffs' first complaint does not toll the statute of limitations.

■■■ Here, the parties agree that the appropriate statute of limitations is Puerto Rico's one-year period governing tort actions, 31 P.R. Laws Ann. § 5298(2). The one year statute of limitation accrues upon the victim's knowledge of the injury. *Santiago v. Becton Dickinson & Co., S.A.,* 539 F.Supp. 1149 (D.P.R.1982). Under 31 P.R. Laws Ann. § 5303, "prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." [1] According to Puerto Rico tolling rules, which are

---

1. In *Marshall v. Mulrenin,* 508 F.2d 39, 44 (1st Cir.1974) our Circuit Court held that in a diversity case the question of whether an amendment substituting a party relates back to the original complaint has a direct substantive effect and that, since the application of the federal rule of procedure defeated substantive state rights, state law should be applied. *See also Pessotti v. Eagle Mfg. Co.,* 946 F.2d 974, 980 n. 6 (1st Cir.1991)(recognizing that *Mulrenin* remains good law after the 1991 amendments to Rule 15(c)). Puerto Rico's Rules of Civil Procedure (PRRCP) provide a mechanism by which a plaintiff may interrupt the statute of limitations by relating the substitution of an unknown defendant back to the time of the filing of the original complaint. Rule 15.4, PRRCP, whose standard is considerably less stringent than that of its federal counterpart, provides that if a defendant's name is unknown plaintiff may use a fictitious name to identify him temporarily and, upon discovering the real name, may amend to substitute the fictitious name for the properly identified defendant. P.R. Laws Ann., Tit. 32 Ap. III R. 15.4; *see also Santiago v. Becton Dickinson & Co., S.A.,* 539 F.Supp. 1149, 1153 (D.P.R.1982).

The effect of this procedural mechanism is clearly substantive since the newly identified party will be considered a defendant from the moment the original complaint was filed. *Santiago,* 539 F.Supp. at 1153. Thus, the statute of limitations is deemed interrupted, pursuant to Article 1873 of the Civil Code, 31 P.R. Laws Ann. § 5303 since the original filing. *Id.* The date in which a defendant is first included in a complaint is the date to be considered for purposes of the interruption of a statute of limitations. *Id.; see also Figueroa Diaz v. Escobales,* 101 D.P.R. 173 (1973); *Bithorn v. Santana,* 68 P.R.R. 281, 68 D.P.R. 300 (1948).

The Supreme Court of Puerto Rico has concluded that a determination as to the effective date of defendant's substitution for John Doe brings into play both Rules 15.4 and 13.3 of PRRCP. P.R. Laws Ann., Tit. 32 Ap. III R. 15.4, 13.3; *Santiago,* 539 F.Supp. at 1153 (citing *Ortiz v. Municipal Government,* 94 P.R.R. 449, 94 D.P.R. 472 (1967)). This means that an amendment identifying a John Doe defendant will relate back only if the claim asserted against him arises out of the same occurrence set forth in the original pleading. *Id.* Furthermore, the Supreme Court of Puerto Rico has stipulated that the statute of limitations is interrupted on the date the original complaint was filed, if the allegations show the intention of substituting

based on the Spanish civil law, the institution of an action in court is commonly held not only to interrupt the running of the applicable statute of limitations but, at least in the event of a voluntary or usual non-prejudicial dismissal of the original action, to cause the entire limitations period to run anew from the date the previous action came to a definite end. *Lopez–Gonzalez v. Municipality of Comerio,* 404 F.3d 548 (1st Cir.2005); *Silva–Wiscovich v. Weber Dental Mfg. Co.,* 835 F.2d 409, 410 (1st Cir.1987); *see also Cintron v. E.L.A.,* 127 D.P.R. 582 (1990). Thus, when a complaint is filed in the Commonwealth courts, the statute of limitations begins to run anew from the date on which that action "comes to a definite end." *Rodriguez–Garcia v. Municipality of Caguas,* 354 F.3d 91 (1st Cir.2004); *Silva–Wiscovich,* 835 F.2d at 410.

■ Plaintiffs' initial complaint must assert causes of action "identical" to her federal claims in order to toll the statute of limitations as to those federal claims under § 5303. *Rodriguez–Garcia v. Municipality of Caguas,* 354 F.3d 91 (1st Cir.2004); *Rodriguez Narvaez v. Nazario,* 895 F.2d 38, 43 (1st Cir.1990). The Supreme Court of Puerto Rico has approved this "identicality" requirement. *See Cintron v. E.L.A.,* 127 D.P.R. 582 (1990).

■ In order to be identical under § 5303, claims must satisfy several requirements. They must seek the same form of relief. *Rodriguez–Garcia v. Municipality of Caguas,* 354 F.3d 91 (1st Cir. 2004); *Rodriguez Narvaez,* 895 F.2d at 46; *see also Ramirez de Arellano v. Alvarez de Choudens,* 575 F.2d 315, 319–20 (1st Cir. 1978). The causes of action asserted must be based on the same substantive claims and, provided that other Puerto Rico tolling statutes do not rescue the claims on

other grounds, they must be asserted against the same defendants in the same capacities. *Rodriguez–Garcia v. Municipality of Caguas,* 354 F.3d 91 (1st Cir. 2004). Thus, new defendants cannot not be added. *Id.*

■ Basically, in order for a prior judicial action to toll the statute of limitations as to a later filed complaint, it is necessary that the second complaint assert a cause of action identical to the one asserted in the first action. *Id.; Solis–Alarcon v. United States,* 432 F.Supp.2d 236 (D.P.R.2006). That, in turn, means that "[t]he causes of action asserted must be based on the same substantive claims" and "they must be asserted against the same defendants in the same capacities." *Id.* The filing of a complaint results in the statute of limitations running anew from the time that action comes to a definite end. *Id.*

Plaintiffs filed an initial complaint, Civil No. 06–1146 (PG), within a year of the events; that complaint was later dismissed without prejudice; within a year of that dismissal, Plaintiffs filed the instant complaint, which asserts an identical claim. Plaintiff then filed an amended complaint and a subsequent second amended complaint all within the year of the dismissal of the first complaint. The exact same relief and claim were asserted in both the first complaint, the second complaint and the second amended complaint.

■ Plaintiff named Defendants as Vornado Realty Trust and/or John Doe in the first complaint. The second complaint named Defendants as Vornado Realty Trust. Plaintiffs subsequently learned the true name of the owner/manager of Las Catalinas Mall and filed a second amended complaint within the year of dismissal of the first complaint. The second amended

a defendant for the John Doe defendant, absent a deliberate concealment of an indispensable party or an intentional lack of diligence

on plaintiff's part. *Ortiz v. Municipal Government,* 94 P.R.R. 449, 94 D.P.R. 472 (1967); *see also Santiago,* 539 F.Supp. at 1154.

complaint named Defendants as Vornado Realty Trust and/or Vornado Caguas L.P. and/or Vornado Caguas G.P.I. Inc.

There has been no showing by Defendants that Plaintiffs knew the name of Defendants and deliberately withheld it or that they were not diligent in substituting when they learned the true name. On the contrary, Plaintiffs in good faith filed a complaint against who they understood were the owners of Las Catalinas Mall after: 1) contacting Las Catalinas Mall, 2) contacting the Puerto Rico Department of State, and 3) searching for Defendants in the internet.

Even though Plaintiff did not correctly name Defendants as Vornado Caguas L.P. and Vornado Caguas GPI, Inc. in the original complaint, which was later dismissed, Defendants were given adequate notice of the claims against it. Furthermore, Defendants were able to defend themselves and answer Plaintiffs' original complaint, second complaint, and the subsequent amended complaints. Thus, Plaintiffs' first complaint and their subsequent second complaint and amended complaint asserted claims against the same defendants, Vornado Caguas L.P. and Vornado Vornado Caguas GPI, Inc.[2]

■ Plaintiffs' first complaint tolled the statute of limitations because it is identical to their second amended complaint. The exact same relief, claim, and defendants were named in both the original complaint and the second complaint and subsequent amended complaint. In order to determine if the statute of limitations transpired, it is important to recap certain key dates in this case.

■ On or about February 5, 2005, deceased Celia López García was raped and murdered in the parking lot of Las Catalinas Mall. Plaintiffs filed a complaint within a year of the events. On April 20, 2006, said complaint was dismissed without prejudice.[3] Since, as discussed above, the original complaint tolled the statute of limitations, Plaintiffs had until April 20, 2007 to file a second complaint because the original complaint was dismissed without prejudice on April 20, 2006. On that date, the statute of limitations began to run anew because the original action came to a definite end.

On August 23, 2006, Plaintiffs filed a second complaint. On February 2, 2007, Plaintiffs filed a second amended complaint with Defendants' correct names. Both the second complaint and the second amended complaint were filed before the April 20, 2007 deadline. Therefore, Plaintiffs' current complaint, Civil No. 06–1818 (JAG) is not time-barred.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendants' Motions to Dismiss. (Docket Nos. 67, 68).

IT IS SO ORDERED.

---

**2.** According to Rule 15(c), Federal Rules of Civil Procedure, an amendment substituting a party relates back to the original complaint if the claim or defense contained in the amendment derive from the occurrence set forth in the original pleading and that the party to be brought has received adequate notice of the complaint and knew or should have known that, but for a mistake in designation, the action would have been brought against him.

*See also Santiago v. Becton Dickinson & Co., S.A.,* 539 F.Supp. 1149 (D.P.R.1982).

**3.** "The primary meaning of dismissal without prejudice, is dismissal without barring the defendant from returning later, to the same court, with the same underlying claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 505, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001).