LYNCH, Chief Judge
(Concurring).
I agree with my colleagues that the district court did not err in enforcing the arbitration clause and declining to stay arbitration. However, I reach this conclusion through other means. The analysis in the majority opinion is based on arguments not made by plaintiff, not briefed by either party, and not necessary to resolve the case. I also have considerable reservations about it.
The argument plaintiff did make was that the arbitration agreement violated some Puerto Rico “public policy.” This argument depends on its legal speculation that the Puerto Rico courts would someday hold that Article 1835 of the Puerto Rico Civil Code does not in employment matters permit arbitration agreements to shorten a statute of limitations, otherwise set by statute, which had not started to run.
The district court rejected the argument for two succinct reasons. First, it held that under Puerto Rico law, the limitation period has been tolled, thus there was no time bar issue presented in the case.[5] That *127 alone justified sending the case to arbitration. Plaintiff accepted and never contested, either in the district court or on appeal, the dates of the administrative filings on which the tolling ruling rests. While there was no reason to doubt the facts on which the analysis rests, if there were, that also would have been reason to send the issue to arbitration. See Kristian v. Comcast Corp., 446 F.3d 25, 44 (1st Cir.2006).
Secondly, the district court analyzed the pure issue of law of interpretation of Article 1835 under rules of interpretation adopted by the Puerto Rico courts and concluded that plaintiffs proffered construction was wrong. Therefore, there was no public policy conflict, and so that possible challenge to arbitrability did not exist in this case.
Especially given the lack of briefing[6] and the complexity and evolving nature of the case law on the determination of issues of arbitrability, we ought say nó more than needed.

. Under Article 1873 of the Puerto Rico Civil Code, claims filed with the EEOC are extraju *127 dicial claims that toll any applicable statutes of limitations. See Rodríguez-García v. Municipality of Caguas, 354 F.3d 91, 99 (1st Cir.2004) (citing Matos Molero v. Roche Prods., Inc., 132 P.R. Dec. 29, 1993 WL 839826 (1993)). The plaintiff filed two claims with the EEOC: the first on March 29, 2007, alleging sex and age discrimination, and the second on July 8, 2008, claiming that his supervisors engaged in a pattern of retaliation against him for filing a claim with the EEOC. The EEOC administrative proceedings continued until January 8, 2010, when the EEOC issued to the plaintiff a Notice of Right to Sue. The one-year statute of limitations therefore began to run on January 8, 2010 and ended on January 8, 2011. The plaintiff filed his complaint in district court on February 17, 2010, well before the one-year statute of limitations would have expired.

. No party has addressed what effect, if any, recent Supreme Court jurisprudence, including the Court’s decision in AT & T Mobility LLC v. Concepcion, - U.S. -, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011), may have on public policy based objections to arbitration and the proper method of analysis. In any event, in my view, even under the doctrines of Kristian v. Comcast Corp., 446 F.3d 25 (1st Cir.2006), and Anderson v. Comcast, Corp., 500 F.3d 66 (1st Cir.2007), the district court correctly construed Puerto Rico law and held that no conflict existed, and so the inquiry would end at that point.