# United States Court of Appeals
## For the First Circuit

No. 23-1609

NEYZA CRUZ-CEDEÑO; SAVIER VÁZQUEZ-OYOLA; NAIDA CEDEÑO-MALDONADO; ABNER CRUZ-CEDEÑO; and AVID CRUZ-CEDEÑO,

Plaintiffs, Appellants,

v.

FERNANDO VEGA-MORAL and CONJUGAL PARTNERSHIP VEGA-ROE,

Defendants, Appellees,

HIMA SAN PABLO BAYAMÓN; HOSPITAL PEDIÁTRICO UNIVERSITARIO DR. ANTONIO ORTÍZ; CENTRO SERVICIOS DE SALUD TOA ALTA LLC; ADMINISTRACIÓN DE SERVICIOS MÉDICOS DE PUERTO RICO; LUIS E. CINTRÓN-ORTÍZ; CMT, a/k/a HIMA SAN PABLO BAYAMÓN; JANE DOE; CONJUGAL PARTNERSHIP CINTRÓN-DOE; SALLY ROE; JOHN DOE; JANEY DOE; and INSURERS A, B, C,

Defendants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

---

Before

Gelpí, Lipez, and Rikelman,
Circuit Judges.

---

Juan M. Martínez-Nevárez, with whom González & Martínez, PSC, Mirelis Valle-Cancel, and Valle Cancel Law, LLC were on brief, for appellants.

Igor J. Domínguez, with whom Igor J. Domínguez Law Offices

was on brief, for appellee Dr. Fernando Vega-Moral.

---

August 8, 2025

---

**RIKELMAN, <u>Circuit Judge</u>.** In October 2016, Neyza Cruz-Cedeño and Savier Vázquez-Oyola sought medical treatment for their infant son, who was suffering from convulsions and seizures. After being treated at three medical centers on the same day, their son suffered cardiac arrest and, tragically, passed away.

After filing an initial complaint in Commonwealth court, the parents ultimately sued the medical centers and doctors in federal court. Dr. Fernando Vega-Moral ("Dr. Vega"), one of the doctors who treated their son, moved for summary judgment, arguing that the parents' claims against him were filed too late. The district court granted his motion, concluding that Dr. Vega had properly raised a statute of limitations defense and the parents had failed to meet their burden of proving that their federal claims against him were timely. It then denied the parents' motion for reconsideration on the ground that they relied on new arguments that they should have presented much earlier in the case. We agree with the district court's analysis and thus affirm.

## I. BACKGROUND

In reviewing the district court's decision granting summary judgment to Dr. Vega, we recite the facts in the record in the light most favorable to the parents and draw all reasonable inferences from those facts in their favor. <u>See</u> <u>Klunder</u> v. <u>Brown Univ.</u>, 778 F.3d 24, 30 (1st Cir. 2015).

## A. Relevant Facts

After their nineteen-month-old son began experiencing convulsions and seizures on October 25, 2016, Cruz-Cedeño and Vázquez-Oyola sought emergency medical treatment for him. They first sought treatment at a health services center. After an hour and a half, the center transferred their son to the HIMA San Pablo Bayamón hospital ("HIMA"), where Dr. Vega treated him. A few hours later, Dr. Vega decided that the child was stable enough to be transferred to another hospital. Less than two hours after this second transfer, however, the child suffered a cardiac arrest and passed away.

## B. Commonwealth Court Proceedings

In November 2017, the child's parents, grandmother, and two uncles (collectively, "the parents") filed suit in Commonwealth court, bringing medical malpractice and negligence claims against the various medical centers, the unnamed doctors who treated their son, and related defendants.[1] The parents did not identify any of the physician defendants, including Dr. Vega, by name in their complaint. The trial court dismissed that case without prejudice in May 2018.

---

[1] Although the parents filed their Commonwealth complaint more than one year after the child's death, and thus beyond the one-year statute of limitations under Puerto Rico law, the defendants concede that this complaint was timely because the Supreme Court of Puerto Rico extended all court deadlines that were set to expire during the Hurricane María state of emergency.

## C. Federal Court Proceedings

One year later, in May 2019, the parents filed a new lawsuit in the U.S. District Court for the District of Puerto Rico against the same medical centers, Dr. Vega, and related defendants.[2] Asserting diversity jurisdiction under 28 U.S.C. § 1332, they alleged medical malpractice and negligence claims under two provisions of the Puerto Rico Civil Code: Article 1802, Puerto Rico's tort statute, and Article 1803, which establishes vicarious liability for Article 1802 torts. See P.R. Laws Ann. tit. 31, §§ 5141-5142. The district court dismissed the claims against one medical center, Administración de Servicios Médicos de Puerto Rico, with prejudice under Federal Rule of Civil Procedure 12(b)(1). The parents also voluntarily dismissed their claims against two other medical centers: Hospital Pediátrico Universitario Dr. Antonio Ortíz, without prejudice; and HIMA, with prejudice.

Dr. Vega moved for summary judgment, arguing that the parents' federal complaint against him was time-barred. He highlighted two specific points in his motion: first, the parents

---

[2] The parents also brought the federal complaint against Dr. Luis Cintrón-Ortíz (another treating physician), as well as many unnamed defendants: the wives of Dr. Vega and Dr. Cintrón-Ortíz and their "conjugal partnerships," two additional doctors who treated the child, and three insurance companies. None of those defendants entered an appearance below, and they are not involved in this appeal.

filed the Commonwealth complaint thirteen months after their son's death, and thus after the one-year statute of limitations had lapsed, and second, that complaint did not name Dr. Vega as a defendant, so it did not toll the statute of limitations against him under Puerto Rico law. Dr. Vega also submitted a statement of undisputed facts alongside his motion but failed to attach five of the six exhibits that he relied upon to substantiate those facts.

The parents opposed Dr. Vega's summary judgment motion, but they contended only that their Commonwealth complaint was timely because the Puerto Rico Supreme Court extended all court deadlines during the Hurricane María state of emergency. They did not address or explain how their initial Commonwealth complaint tolled the statute of limitations specifically as to their federal claims against Dr. Vega. Instead, they argued that it was "impossible for [them] to properly respond" to Dr. Vega on this issue because he failed to attach exhibits supporting his statement of uncontested facts, which he filed with his motion.

The district court granted summary judgment to Dr. Vega in March 2021. Cruz-Cedeño v. HIMA San Pablo Bayamón, No. CV 19-1477, 2021 WL 4056295, at *5 (D.P.R. Mar. 31, 2021). The court initially ruled that the parents' federal lawsuit was filed within the applicable limitations period. As it explained, the dismissal of the Commonwealth complaint reset the one-year statute of limitations available under Puerto Rico law. See id.

- 6 -

at *4. And after taking judicial notice of the dismissal date of the Commonwealth complaint, "as it appears in the Commonwealth Court's electronic case database," the court calculated that the federal lawsuit was filed less than one year later. See id. at *1 n.2, *4. (The court also noted that the filing and dismissal dates of the Commonwealth lawsuit were discussed in the parents' federal complaint. See id. at *2 nn.3-4.) Next, the court concluded that, once Dr. Vega raised a statute of limitations defense in his answer, the burden of proof shifted to the parents to demonstrate that the limitations period was tolled specifically as to him, given that he was not named in the Commonwealth complaint. See id. at *4-5. Finally, the court held that the parents' "failure to submit competent evidence showing that the one-year statute of limitations was tolled as to Dr. Vega via the filing of the [Commonwealth] complaint is fatal to their case against him" and, "[a]bsent such evidence, their federal claims . . . are time-barred." Id. at *5.

The parents promptly filed a "motion for reconsideration and request to be heard on sua sponte judicial notice" on the district court's grant of summary judgment to Dr. Vega. They raised five new arguments in their motion for reconsideration: (i) that the burden never shifted to them to prove that they had tolled the statute of limitations as to Dr. Vega; (ii) that, if the burden had shifted, the court should allow them to submit

- 7 -

evidence of tolling now, under the excusable neglect doctrine; (iii) that the court should reconsider summary judgment to "prevent manifest injustice"; (iv) that the statute of limitations was tolled against Dr. Vega because he shared "perfect solidarity" with HIMA, a defendant named in the Commonwealth complaint; and (v) that Dr. Vega waived his statute of limitations defense by not raising it in his answer. The parents also contended that the district court should not have taken sua sponte judicial notice of the Commonwealth complaint's filing and dismissal dates.

The district court denied the motion for reconsideration in February 2022, concluding that none of the parents' arguments relied on "newly discovered evidence" or revealed any "manifest error[s] of law" in the court's summary judgment ruling. Cruz-Cedeño v. HIMA San Pablo Bayamón, No. CV 19-1477, 2022 WL 426938, at *1-3 (D.P.R. Feb. 11, 2022). The court did not explicitly address the parents' "request to be heard on sua sponte judicial notice."

The parents appealed to our court. In September 2023, Dr. Vega moved to dismiss the appeal for lack of jurisdiction, arguing that the appeal was untimely under Federal Rule of Appellate Procedure 4(a)(1). In November 2023, we rejected Dr. Vega's jurisdictional argument and denied his motion to dismiss. Nevertheless, we instructed both parties to address a different jurisdictional issue in their briefs to us: "whether the remaining

- 8 -

unserved defendants, named and unnamed, impact finality and this court's appellate jurisdiction under 28 U.S.C. § 1291."

## II. JURISDICTION

We begin with the question posed in our November 2023 order: whether the remaining unserved defendants undermine the finality of the district court's judgment and our appellate jurisdiction under 28 U.S.C. § 1291. This is an issue of first impression in our circuit. See Barrett ex rel. Est. of Barrett v. United States, 462 F.3d 28, 33 (1st Cir. 2006) (declining to decide this issue). And, despite our order posing this question to the parties, neither Dr. Vega nor the parents addressed it in their briefs to us. But we conclude that we can bypass this statutory jurisdiction question because we resolve the merits in favor of Dr. Vega, who is also the party who would "benefit from a finding that jurisdiction is wanting." Caribbean Mgmt. Grp., Inc. v. Erikon LLC, 966 F.3d 35, 41 (1st Cir. 2020) ("When an appeal raises an enigmatic question of statutory jurisdiction and the merits are easily resolved in favor of the party who would benefit from a finding that jurisdiction is wanting, we may bypass the jurisdictional inquiry and proceed directly to the merits.").

## III. DISCUSSION

The parents argue that the district court was wrong to grant summary judgment to Dr. Vega on statute of limitations grounds and to deny their motion for reconsideration of that

ruling. On appeal, however, the parents do not contend that they met their burden to establish that their federal complaint against Dr. Vega was timely. Instead, they claim that the burden of proof to establish timeliness never shifted to them at all, and that, even if it did, the district court should have reconsidered its summary judgment ruling after reviewing their Commonwealth complaint. We address each of their arguments in turn.

## A. Summary Judgment Ruling

We review the district court's grant of summary judgment "de novo, 'scrutiniz[ing] the facts in the light most agreeable' to [the parents] and drawing all reasonable inferences in [their] favor." Klunder, 778 F.3d at 30 (first alteration in original) (quoting Foote v. Town of Bedford, 642 F.3d 80, 82 (1st Cir. 2011)). "We will affirm only if the record, so viewed, discloses that there is no genuine issue as to any material fact and the moving party [here, Dr. Vega] is entitled to judgment as a matter of law." Id. (quoting Santiago v. Puerto Rico, 655 F.3d 61, 68 (1st Cir. 2011)).

The parents raise two arguments as to why the district court erred in granting summary judgment to Dr. Vega on statute of limitations grounds. Both of their arguments depend on the premise that the burden to prove timeliness never shifted to them, contrary to the district court's holding. First, the parents contend that Dr. Vega waived his statute of limitations affirmative defense by

not raising it in his answer.  Second, and alternatively, they maintain that Dr. Vega did not properly support his summary judgment motion.

Because the parents invoked the federal district court's diversity jurisdiction, we apply Puerto Rico substantive law and federal procedural law under the Erie doctrine.  See Quality Cleaning Prods. R.C., Inc. v. SCA Tissue North Am., LLC, 794 F.3d 200, 204 (1st Cir. 2015) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).  Whether Dr. Vega properly asserted a statute of limitations defense in his answer is a procedural question controlled by the Federal Rules of Civil Procedure.  See, e.g., Jordan v. Kelly, 728 F.2d 1, 1, 3-4 (1st Cir. 1984) (in diversity case alleging only violations of Puerto Rico law, applying Federal Rule of Civil Procedure 8(c)(1) to determine whether affirmative defense was "properly asserted" in the pleadings).  But which party bears the burden of proof to demonstrate timeliness depends on Puerto Rico's substantive statute of limitations law.  See Rodríguez v. Suzuki Motor Corp., 570 F.3d 402, 406 (1st Cir. 2009).  As we explain, our analysis of these two legal issues reveals no basis for disturbing the district court's grant of summary judgment to Dr. Vega.

## 1. Did Dr. Vega properly assert a statute of limitations defense?

The parents argue that Dr. Vega failed to raise a statute of limitations defense in his answer, so the district court erred in granting him summary judgment on that ground. Specifically, they contend that Dr. Vega failed to comply with Federal Rule of Civil Procedure 8(c), which requires that, in response to a pleading, "a party must affirmatively state any . . . affirmative defense, including: . . . statute of limitations." Fed. R. Civ. P. 8(c). In pressing this argument, the parents acknowledge that Dr. Vega alleged that "the statute of limitations has tolled" in a section of his answer entitled "affirmative defenses." However, they characterize this statement as an admission by Dr. Vega, favorable to them, "that the statute of limitations had in fact been tolled." Dr. Vega responds that his answer should have read that "the statute of limitations has <u>not</u> tolled," and his omission of the word "not" was simply a "clerical error."

But as the district court determined in ruling on the motion for reconsideration, the parents never made this particular argument about Rule 8(c) in their opposition to Dr. Vega's summary judgment motion. See Cruz-Cedeño, 2022 WL 426938, at *2. We conclude that the district court did not err in failing to credit an argument that the parents never presented. Instead, we determine that the parents waived this argument by failing to raise

it to the district court prior to its summary judgment ruling. See Merrimon v. Unum Life Ins. Co. of Am., 758 F.3d 46, 57 (1st Cir. 2014) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." (quoting Grenier v. Cyanamid Plastics, Inc., 70 F.3d 667, 678 (1st Cir. 1995))).

**2. Did the burden shift to the parents to prove timeliness?**

The parents next contend that, even if Dr. Vega raised a statute of limitations defense in his answer, the burden to prove the timeliness of their federal claims never shifted to them due to deficiencies in Dr. Vega's summary judgment motion. The parents do not dispute that their claims against Dr. Vega under the relevant Puerto Rico statutes, Articles 1802 and 1803 of the Civil Code, are subject to a one-year statute of limitations. See P.R. Laws Ann. tit. 31, §§ 5141-5142, 5298(2). Nor do they dispute that the limitations period began running in October 2016 and that they did not bring a claim against Dr. Vega by name until two and a half years later, when they filed the federal lawsuit in May 2019. Thus, the parties agree that, unless the limitations period was effectively tolled or reset as to Dr. Vega, the parents' federal claims against him are time-barred.

Under Puerto Rico law, "[a]lthough prescription is an affirmative defense, once it has been raised, the burden of proving that prescription has been interrupted shifts to the plaintiff."

- 13 -

Rodríguez, 570 F.3d at 406 (quoting Tokyo Marine & Fire Ins. Co., Ltd. v. Perez & Cia., De P.R., Inc., 142 F.3d 1, 4 (1st Cir. 1998) (citing Supreme Court of Puerto Rico cases)).[3] And, when opposing a summary judgment motion, as the parents did, they were required to present "definite, competent evidence" to rebut the motion on all issues as to which they bore "the ultimate burden of proof." Pina v. Children's Place, 740 F.3d 785, 795-96 (1st Cir. 2014) (quoting Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)). That legal obligation included offering evidence to establish that the statute of limitations was tolled or reset against Dr. Vega in particular.

The parents did not present any "definite, competent evidence" in their opposition to Dr. Vega's summary judgment motion. Instead, they contended that deficiencies in Dr. Vega's motion -- namely, his failure to attach exhibits supporting his statement of uncontested facts -- prevented the burden of proof from shifting to them at all. The parents re-urge this contention

---

[3] Puerto Rico law refers interchangeably to "statute of limitations" and "prescription." See, e.g., Rodríguez, 570 F.3d at 406 ("The statute of limitations or prescriptive period for such tort actions begins to run 'from the time the aggrieved person has knowledge thereof.'" (quoting P.R. Laws Ann. tit. 31, § 5298(2))). It also refers interchangeably to "tolling" or "interrupting" the statute of limitations. See, e.g., id. at 407 ("Article 1873 of Puerto Rico's Civil Code provides three mechanisms by which the prescription of actions can be interrupted or 'tolled' . . . ."). To avoid confusion, we use the terms "statute of limitations" and "tolling" in this opinion.

on appeal, but the difficulty with their argument is that they do not identify any cases in which a court has so held. To be sure, the parents do cite our opinion in an age discrimination case to support their proposition that, at the summary judgment stage, the burden shifts to the non-moving party "[o]nce a properly documented motion has engaged the gears of Rule 56." Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000) (quoting McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995)). But we did not expound in Suarez on what "proper[] document[ation]" would be required to "engage[] the gears of Rule 56" in a dispute over whether a statute of limitations had lapsed, let alone apply such a rule to hold that the burden of proving the tolling of a statute of limitations did not shift to the plaintiff. Id. at 53, 56.

To the contrary, when reviewing summary judgment rulings applying Puerto Rico tort law, we have found that defendants need only "show[] that the action was filed more than one year after the incident occurred" to shift the burden to plaintiffs to create a material factual dispute as to the tolling of the limitations period. Bonilla-Aviles v. Southmark San Juan, Inc., 992 F.2d 391, 393 (1st Cir. 1993). And, in Bonilla-Aviles, we affirmed the district court's grant of summary judgment to the defendants on the ground that the plaintiffs' failure to introduce evidence "to support their claim that the statute was tolled . . . was fatal." Id.; see also Klunder, 778 F.3d at 36-37 (affirming grant of

- 15 -

summary judgment on timeliness grounds after plaintiff failed to prove that the statute of limitations tolled).

Here, as we have explained, the undisputed facts established that the federal complaint against Dr. Vega was filed more than one year after the child's death. The district court also noted the facts alleged by the parents in their federal complaint about when the Commonwealth case was filed and dismissed, see Cruz-Cedeño, 2021 WL 4056295, at *2 & nn.3-4, which was proper because Rule 56 allows district courts to consider the pleadings in ruling on a summary judgment motion, see Fed. R. Civ. P. 56(c)(3). Thus, given that Dr. Vega raised a limitations defense in his answer, the district court was right to conclude that "the burden of proving that [the statute of limitations] ha[d] been [tolled] shift[ed] to the [parents]." Rodríguez, 570 F.3d at 406 (quoting Tokyo Marine, 142 F.3d at 4).

### 3. Did the district court err in determining the parents had failed to meet their burden to prove timeliness?

The parents do not contend that, in opposing Dr. Vega's summary judgment motion, they met their burden to prove that their federal claims against him were timely. And, indeed, we agree with the district court's conclusion that they did not.

Under Puerto Rico law, the parents had to meet two requirements to show that their federal claims against Dr. Vega were not time-barred. Initially, they had to prove that the

- 16 -

statute of limitations had not yet expired when they filed their federal complaint. See id. at 406-07 (citing P.R. Laws Ann. tit. 31, § 5303). Next, they had to establish that their federal lawsuit against Dr. Vega was functionally "identical" to their Commonwealth complaint to demonstrate that the statute of limitations was tolled specifically with respect to him. Id. at 409. To do so, the parents needed to demonstrate that their federal complaint (i) "[sought] the same form of relief" as their Commonwealth complaint, (ii) was "based on the same substantive claims," and (iii) was "asserted against the same defendants in the same capacities." Id. (quoting Rodríguez-García v. Mun. of Caguas, 354 F.3d 91, 98 (1st Cir. 2004)). The parents could sidestep the final requirement only if another Puerto Rico statute applied to toll the limitations period against new defendants. See id.

In opposing summary judgment before the district court, the parents addressed only the first requirement above, arguing that their federal complaint was timely despite being filed years after their son's death because the statute of limitations was either tolled or reset three times.[4] The parents did not explain

_____

[4] The parents contended that the statute of limitations was tolled twice: when the Puerto Rico Supreme Court issued an order during Hurricane María extending deadlines until December 1, 2017, see supra note 1, and then again when the parents timely filed their Commonwealth complaint on November 30, 2017. The parents

how their federal claims against Dr. Vega were "asserted against the same defendant[]" as their Commonwealth claims when the Commonwealth complaint did not name Dr. Vega as a defendant at all. Instead, the parents merely contended that they could not address Dr. Vega's argument that the two complaints were not identical because his motion "lack[ed] supporting evidence." Thus, the undisputed facts demonstrate that the parents failed to meet their burden, during the summary judgment proceedings, to prove that their federal claims against Dr. Vega were filed within the limitations period.

### B. Motion for Reconsideration Ruling

We review a district court's denial of a motion for reconsideration for a "manifest abuse of discretion." City of Miami Firefighters' & Police Officers' Ret. Tr. v. CVS Health Corp., 46 F.4th 22, 36 (1st Cir. 2022).[5] "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Id. (internal quotation marks omitted) (quoting

---

also claimed that the one-year statute of limitations reset on May 21, 2018, when their Commonwealth complaint was dismissed without prejudice, so their federal complaint filed less than one year later, on May 20, 2019, was also timely.

[5] Even though the parents do not expressly ask us to reverse the denial of their motion for reconsideration in their appellate briefs, they appealed the district court's order denying their motion for reconsideration in the notice of appeal. We assume without deciding that the appeal of the motion for reconsideration is preserved.

Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)). Motions for reconsideration "'do[] not provide a vehicle for a party to undo its own procedural failures' or to 'introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment.'" Quality Cleaning Prods., 794 F.3d at 208 (quoting Emmanuel v. Int'l Bhd. of Teamsters, Loc. Union No. 25, 426 F.3d 416, 422 (1st Cir. 2005)).

The parents contend that the district court erred in refusing to reevaluate its summary judgment ruling after they submitted a copy of their Commonwealth complaint with their motion for reconsideration. They explain that, had the district court reviewed the Commonwealth complaint, it would have "inevitably denied" summary judgment to Dr. Vega because the complaint "clearly references him as an unknown defendant." As they argued to the district court and re-iterate to our court, because Dr. Vega was "included as an unknown defendant and . . . properly identif[ied]" in the Commonwealth complaint, the complaint triggered Puerto Rico's solidarity doctrine.[6] As a result, they claim that tolling the statute of limitations as to HIMA (which was named in the

_____

[6] Puerto Rico's solidarity doctrine is "rooted in Article 1874 of the Civil Code" and "similar to" the concept of "joint and several liability." Rodríguez, 570 F.3d at 410 & n.6 (quoting Tokyo Marine, 142 F.3d at 4 n.1); see also P.R. Laws Ann. tit. 31, § 5304.

- 19 -

Commonwealth complaint) also tolled the statute of limitations as to Dr. Vega.

On appeal to us, the parents maintain that the district court should have reviewed the Commonwealth complaint submitted with their motion for reconsideration for multiple reasons. They claim that refusing to consider the substance of the complaint was an abuse of discretion because: (i) doing so would not have "cause[d] prejudice to Dr. Vega" or "delay[ed] the proceedings," (ii) the parents chose not to file the complaint with their summary judgment opposition brief due to their "good faith" belief that "the burden of proof had never shifted" to them, (iii) granting summary judgment to Dr. Vega on this ground is "too harsh of a consequence" and "clearly offend[s] equity," and (iv) the district court erred in taking judicial notice of the Commonwealth complaint's filing and dismissal dates without granting the parents "an opportunity to be heard."

Although we are sympathetic to the parents' circumstances, we are not persuaded that they have identified any "manifest abuse[s] of discretion" by the district court. CVS Health Corp., 46 F.4th at 36. The parents fail to cite any case law supporting their first and third arguments or explain why the usual rules of litigation must not apply here. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed

argumentation, are deemed waived."). As to their second argument, it would have been a simple matter for the parents to attach the Commonwealth complaint to their opposition to Dr. Vega's summary judgment motion as part of a belt-and-suspenders approach. That the parents opted not to do so, based on a view that Dr. Vega's own submissions fell short, does not demonstrate an abuse of discretion by the district court. As for the last argument, we do not see why taking judicial notice of the two dates without providing the parents an opportunity to be heard constitutes an abuse of discretion when the parents previously admitted both facts to the district court.

All in all, the arguments the parents raised in their motion for reconsideration simply came too late. We cannot conclude that the district court erred in denying a motion for reconsideration based on arguments that the parents could have put forward much earlier. See Quality Cleaning Prods., 794 F.3d at 208.

Thus, we find no reason to disturb the district court's rulings.

## IV. CONCLUSION

For all these reasons, we **affirm**.